**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER** * | |
| **CORPORATION (AMTRAK)** | |
| 1 Massachusetts Avenue, N.W. * | |
| Washington, D.C. 20001 | |
| * | |
| Plaintiff, | |
| * | |
| v. | CIVIL ACTION NO. |
| * | |
| **.025 ACRES MORE OR LESS OF LAND** | |
| located at 1006 North Payson Street in * | |
| Baltimore City, Maryland 21217 | |
| * | |
| and | |
| * | |
| **YVETTE WORMLEY a/k/a** | |
| **YVETTE WORMLY** * | |
| 3471 Chardonnay Drive | |
| York, Pennsylvania 17404 * | |
| | |
| and * | |
| | |
| **THE ESTATE OF GEORGE G. WORMLEY** * | |
| | |
| Serve on: * | |
| Sharon A. Wormley, | |
| Personal Representative * | |
| 9058 Meadow Heights Road | |
| Randallstown, Maryland 21133 * | |
| | |
| and * | |
| | |
| **SHARON A. WORMLEY,** as Personal * | |
| Representative for the Estate of George G. | |
| Wormley * | |
| 9058 Meadow Heights Road | |
| Randallstown, Maryland 21133 * | |
| | |
| and * | |
| | |
| **LEE & SELMA, LLC** * | |
| P.O. Box 32111 | |

Baltimore, Maryland 21282                              *

    <u>Serve on:</u>                                      *
    Lee N. Barnstein, Resident Agent
    1705 Reisterstown Road, 1st Floor         *
    Baltimore, Maryland 21208
                                                   *

and                                                   *

**ASSOCIATES FINANCIAL SERVICES**                      *
**COMPANY OF MARYLAND, INC.**                           *
11 East Chase Street
Baltimore, Maryland 21202                              *

    <u>Serve on:</u>                                      *
    The Prentice-Hall Corporation,
    Resident Agent                                 *
    11 East Chase Street
    Baltimore, Maryland 21202                      *

and                                                   *

**CITICORP HOME MORTGAGE**                              *
**SERVICES, INC.**
1000 Technology Drive, MS 140                          *
O'Fallon, Missouri 63368
                                                   *

    <u>Serve on:</u>
    The Corporation Trust, Incorporated            *
    Resident Agent
    2405 York Road, Suite 201                      *
    Lutherville-Timonium, Maryland 21093
                                                   *

and                                                   *

**CITIFINANCIAL MORTGAGE**                              *
**COMPANY, INC.**
101 Merritt 7, 1st Floor                          *
Norwalk, Connecticut 06851
                                                   *

    <u>Serve on:</u>                                      *
    The Corporation Trust Incorporated,
    Resident Agent                                 *
    300 East Lombard Street
    Baltimore, Maryland 21202                      *

and                                              *

**CITIMORTGAGE, INC.**                           *
1000 Technology Drive, MS 140
O'Fallon, Missouri 63304                          *

      Serve on:                               *
      The Corporation Trust, Incorporated
      Resident Agent                          *
      2405 York Road, Suite 201
      Lutherville-Timonium, Maryland 21093    *

and                                              *

**EDWARD S. COHN**                               *
**Assignee under a Mortgage**
c/o Cohn, Goldberg, & Deutsche, LLC              *
1099 Winterson Road, Suite 301
Linthicum Heights, Maryland 21090                *

and                                              *

**STEPHEN N. GOLDBERG**                          *
**Assignee under a Mortgage**
c/o Cohn, Goldberg, & Deutsche, LLC              *
1099 Winterson Road, Suite 301
Linthicum Heights, Maryland 21090                *

and                                              *

**RICHARD E. SOLOMON**                           *
**Assignee under a Mortgage**
c/o Cohn, Goldberg, & Deutsche, LLC              *
1099 Winterson Road, Suite 301
Linthicum Heights, Maryland 21090                *

and                                              *

**RICHARD J. ROGERS**                            *
**Assignee under a Mortgage**
c/o Cohn, Goldberg, & Deutsche, LLC              *
1099 Winterson Road, Suite 301
Linthicum Heights, Maryland 21090                *

and                                              *

**COHN, GOLDBERG & DEUTSCHE, LLC**                *
1099 Winterson Road, Suite 301
Linthicum Heights, Maryland 21090                 *

    <u>Serve on:</u>                                    *
    Richard E. Solomon, Resident Agent
    1099 Winterson Road, Suite 301                *
    Linthicum Heights, Maryland 21090
                                                  *

and                                               *

**ENTERPRISE LEASING COMPANY**                    *
2 Research Place
Rockville, Maryland 20850                         *

    <u>Serve on:</u>
    The Corporation Trust Incorporated,           *
    Resident Agent
    300 East Lombard Street                       *
    Baltimore, Maryland 21202
                                                  *

and                                               *

**ENTERPRISE LEASING COMPANY**
**OF BALTIMORE**                                  *
300 East Lombard Street
Baltimore, Maryland 21202                         *

and                                               *

701 Wedeman Avenue                                *
Linthicum, Maryland 21090
                                                  *

    <u>Serve on:</u>
    The Corporation Trust Incorporated,           *
    Resident Agent
    300 East Lombard Street                       *
    Baltimore, Maryland 21202
                                                  *

and                                               *

**ENTERPRISE RAC COMPANY OF**
**BALTIMORE, LLC**                                *
1209 Orange Street
Wilmington, Delaware 19801                         *

4

|  |  |
|---|---|
| <u>Serve on:</u><br>The Corporation Trust Incorporated,<br>Resident Agent<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br><br>*<br><br>* |
| and | * |
| **ENTERPRISE RAC COMPANY OF<br>MARYLAND, LLC**<br>1209 Orange Street<br>Wilmington, Delaware 19801 | *<br><br>*<br><br>* |
| <u>Serve on:</u><br>The Corporation Trust, Incorporated<br>Resident Agent<br>2405 York Road, Suite 201<br>Lutherville-Timonium, Maryland 21093 | *<br><br>*<br><br>* |
| and | * |
| **.025 ACRES MORE OR LESS OF LAND**<br>located at 1008 North Payson Street in<br>Baltimore City, Maryland 21217 | *<br><br>* |
| and | * |
| **THE ESTATE OF LULA THROWER<br>a/k/a LULA THOWER**<br>1008 North Payson Street<br>Baltimore, Maryland 21217 | *<br><br>* |
| and | * |
| **TESTATE AND INTESTATE SUCCESSORS<br>OF LULA THROWER a/k/a LULA THOWER**<br>1008 North Payson Street<br>Baltimore, Maryland 21217 | *<br><br>* |
| and | * |
| **THE ESTATE OF DAVID J. KANE, JR.** | *<br>* |
| <u>Serve on:</u><br>Charles W. Kesler, Jr.,<br>Personal Representative | * |

5

4217 West Rogers Avenue
Baltimore, Maryland 21215                    *

and                                          *

**CHARLES W. KESLER, JR.**, as Personal      *
Representative for the Estate of David J. Kane, Jr.
4217 West Rogers Avenue                      *
Baltimore, Maryland 21215
                                             *
and                                          *

**KENYA FELTON**                             *
78 MacDonough Street
Brooklyn, New York 11216                     *

 <u>With a copy to</u>:                      *
 I. William Chase, Esq.
 The Belvedere Towers                        *
 1190 W. Northern Parkway, #124
 Baltimore, Maryland 21210                   *

and                                          *

**.025 ACRES MORE OR LESS OF LAND**          *
located at 1016 North Payson Street in
Baltimore City, Maryland 21217               *

and                                          *

**ROBERT OWENS a/k/a ROB OWENS**             *
1641 Gwynn Falls Parkway
Baltimore, Maryland 21217                    *

and                                          *

**ELLEN G. POLITZER**                        *
3100 Stone Cliff Drive, #407
Baltimore, Maryland 21209                    *

and                                          *

**WAYNE KAISER**                             *
28 Stevens Road
Glen Burnie, Maryland 21060                  *

*

and
                                       \*

**GOLDEN BUTTERFLY, LLC**
1777 Reisterstown Road, Suite 375       \*
2 NW
Baltimore, Maryland 21208            \*

        Serve on:                        \*
        Polakoff Sefret, LLC, Resident Agent
        1777 Reisterstown Road, Suite 375    \*
        Baltimore, Maryland 21208
                                       \*

and
                                       \*

**LOCKE CAPITAL, LLC**
267 Kentlands Boulevard            \*
Gaithersburg, Maryland 20878
                                       \*

        Serve on:                        \*
        Registered Agents, Inc.,
        Resident Agent
        5000 Thayer Center, Suite C        \*
        Oakland, Maryland 21550
                                       \*

and
                                       \*

**ESKIN LAW, LLC**
1700 Reisterstown Road, Suite 212     \*
Pikesville, Maryland 21208
                                       \*

        Serve on:
        Neil Eskin, Resident Agent        \*
        1700 Reisterstown Road, Suite 212
        Baltimore, Maryland 21208        \*

and
                                       \*

**MARYLAND AUTOMOBILE**      \*
**INSURANCE FUND**
1215 East Fort Avenue, Suite 300      \*
Baltimore, Maryland 21230
                                       \*

        Serve on:
        Kathleen A. Birrane,          \*
        Insurance Commissioner
        Maryland Insurance Administration  \*

7

200 St. Paul Place, Suite 2700
Baltimore, Maryland 21202                    *

and                                          *

**BANK OF AMERICA,**                         *
**NATIONAL ASSOCIATION**
100 North Tryon Street                       *
Charlotte, North Carolina 28255
                                             *

    <u>Serve on:</u>
    The Corporation Trust, Incorporated,    *
    Resident Agent
    2405 York Road, Suite 201                *
    Lutherville-Timonium, MD 21093
                                             *

and                                          *

**CHARLES KERINS**                           *
1016 North Payson Street                     *
Baltimore, Maryland 21217
                                             *

and                                          *

**ALL TENANTS AND CURRENT OCCUPANTS**        *
**OF THE PROPERTY LOCATED AT**               *
**1016 NORTH PAYSON STREET**
**BALTIMORE, MARYLAND 21217**                *

and                                          *

**.025 ACRES MORE OR LESS OF LAND**          *
Located at 1002 North Payson Street in
Baltimore City, Maryland 21217               *

and                                          *

**DONTE DWAYNE SUMMERS**                     *
3603 West Saratoga Street
Baltimore, Maryland 21229                    *

and                                          *

**ALVIN POMERANTZ REVOCABLE TRUST**          *
c/o David H. Cohen, Esquire
Cohen and Forman, LLC                        *

334 St. Paul Place
Baltimore, Maryland 21202                        *

and                                              *

30 E. Padonia Road, Suite 500                    *
Timonium, Maryland 21093
                                                 *
and                                              *

                                                 *
**THE ESTATE OF ALVIN POMERANTZ**
                                                 *
    <u>Serve on:</u>
    Sandra P. Gohn, Personal Representative      *
    6225 Smith Avenue
    Baltimore, Maryland 21209                    *

    and                                          *

    4811 Keswick Road                            *
    Baltimore, Maryland 21210
                                                 *
    and                                          *

    Ellen G. Politzer, Personal Representative    *
    3100 Stone Cliff Drive, #407
    Baltimore, Maryland 21209                    *

**SANDRA P. GOHN**, as personal representative
for the Estate of Alvin Pomerantz               *
6225 Smith Avenue
Baltimore, Maryland 21209                        *

and                                              *

4811 Keswick Road                                *
Baltimore, Maryland 21210
                                                 *
and                                              *

                                                 *
**ELLEN G. POLITZER**, as personal representative
for the Estate of Alvin Pomerantz               *
3100 Stone Cliff Drive, #407
Baltimore, Maryland 21209                        *

                                                 *

9

and
                                          *

**PJP FAMILY, LLC**
c/o Sandra P. Gohn, Esquire      *
DLA Pipper, LLP
6225 Smith Avenue      *
Baltimore, Maryland 21209
     *

      <u>Serve on</u>:
      Sandra P. Gohn, Esquire, Resident Agent   *
      DLA Pipper, LLP
      6225 Smith Avenue     *
      Baltimore, Maryland 21209
     *

      and         *

      4811 Keswick Road
      Baltimore, Maryland 21210    *

and      *

**STEVEN HARRIS**      *
5 Wolf Place
Irvington, New Jersey 07111    *

     *

      <u>With a Copy to</u>:
      Ryan Lewis, Esquire    *
      Lewis McDaniels, LLC
      50 Citizens Way, Suite 305   *
      Frederick, Maryland 21701
     *

and      *

**DEPARTED LLC**
1777 Reisterstown Road, Suite 375   *
Baltimore, Maryland 21208
     *

      <u>Serve on</u>:
      Polakoff Sefret, LLC, Resident Agent   *
      1777 Reisterstown Road, Suite 375
      Baltimore, Maryland 21208   *

      <u>With a Copy to</u>:    *
      Aryeh E. Stein, Esq.
      1212 Reisterstown Road   *

Baltimore, Maryland 21208

                                             \*

and

                                             \*

**ALL TENANTS AND CURRENT OCCUPANTS**
**OF THE PROPERTY LOCATED AT**     \*
**1002 NORTH PAYSON STREET**
**BALTIMORE, MARYLAND 21217**     \*

and                                         \*

**MAYOR AND CITY COUNCIL OF**    \*
**BALTIMORE CITY**
201 East Baltimore Street             \*
Baltimore, Maryland 21202

                                             \*

    Serve on:
    Ebony M. Thompson, Esquire,   \*
    Acting City Solicitor
    100 North Holliday Street       \*
    City Hall – Suite 101
    Baltimore, Maryland 21202     \*

and                                           \*

**STATE OF MARYLAND**           \*
St. Paul Plaza
200 St. Paul Place                \*
Baltimore, Maryland 21202

                                             \*

    Serve on:
    Anthony G. Brown, Attorney General  \*
    200 St. Paul Place
    Baltimore, Maryland 21202     \*

and                                           \*

**OFFICE OF THE COMPTROLLER**   \*
**OF MARYLAND**
Goldstein Treasury Building       \*
80 Calvert Street
Annapolis, Maryland 21404       \*

    Serve on:                     \*
    Anthony G. Brown, Attorney General

11

200 St. Paul Place                                    *
Baltimore, Maryland 21202
                                                      *
With a Copy to:
Kimberly Stephens, Esquire                            *
301 West Preston Street, Suite 410
Baltimore, Maryland 21201                             *

**MARYLAND DEPARTMENT OF HEALTH**                     *
300 West Preston Street, Suite 302
Baltimore, Maryland 21201                             *

   Serve on:                           *
   Anthony G. Brown, Attorney General
   200 St. Paul Place                   *
   Baltimore, Maryland 21202
                                                      *
   With Copies to:
   Sarah P. Belardi, Assistant Attorney  *
   General, Office of the Attorney General,
   Maryland Department of Health         *
   300 West Preston Street, Suite 302
   Baltimore, Maryland 21201             *

   Benjamin Bor, Assistant Attorney      *
   General, Office of the Attorney General,
   Maryland Department of Health         *
   300 West Preston Street, Suite 302
   Baltimore, Maryland 21201             *

and                                                   *

**UNKNOWN OWNERS AND ALL PERSONS**                    *
**AND/OR ENTITIES THAT MAY HAVE**
**AN INTEREST**                                       *

   Defendants.                          *

*      *      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT FOR CONDEMNATION AND REQUEST FOR POSSESSION

Plaintiff, National Railroad Passenger Corporation, also known as Amtrak ("Amtrak"),

pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of

Civil Procedure 71.1, files this Complaint for Condemnation of all interests in the four (4) properties located at: 1006 North Payson Street, Baltimore, Maryland 21217 (the "First Subject Property Interest"); 1008 North Payson Street, Baltimore, Maryland 21217 (the "Second Subject Property Interest"); 1016 North Payson Street, Baltimore, Maryland 21217 (the "Third Subject Property Interest"), and 1002 North Payson Street, Baltimore, Maryland 21217 (the "Fourth Subject Property Interest") (collectively, the "Subject Property Interests").   Amtrak files this action against the Defendants listed above, and all unknown interested parties, and respectfully sets forth the following:

## I.   INTRODUCTION AND DESCRIPTION OF THE SUBJECT PROPERTY INTERESTS

1.     Passenger rail service is an essential part of America's transportation system. *See* 49 U.S.C. § 24101(a)(5) ("Modern and efficient intercity passenger and commuter rail passenger transportation is important to the viability and well-being of major urban and rural areas and to the energy conservation and self-sufficiency goals of the United States"); *see also* 49 U.S.C. § 24102(3).

2.     Amtrak must acquire the Subject Property Interests for the Baltimore and Potomac ("B&P") Tunnel Replacement Program (the "Program").   The 1.4-mile B&P Tunnel, located in Baltimore, dates back to the Civil War era.   At nearly 150 years old, it is one of the oldest structures along Amtrak's Northeast Corridor (also referred to herein as the "NEC").   The NEC is one of the busiest, most complex, and economically vital transportation systems in the world, connecting eight states and the District of Columbia through an active and highly traveled rail network.   The B&P Tunnel connects Baltimore's Penn Station to Washington, D.C. and Virginia and is relied upon by 9 million MARC and Amtrak passengers annually.

3.     The B&P Tunnel suffers from a variety of age-related issues such as excessive

water infiltration, a deteriorating structure, and a sinking floor.  Moreover, the tunnel's outdated design limits its efficiency and functionality.  Its current combination of horizontal and vertical track alignment (*i.e.*, its grades and curves) limits train speeds significantly, creating a bottleneck at a critical point in the NEC. Delays are chronic due to this bottleneck — more than 10% of weekday trains are delayed, and delays occur on 99% of weekdays.

4.      The Program will modernize and transform a four-mile section of the NEC.  The Program includes the construction of two new high-capacity tubes for electrified passenger trains, new roadway and railroad bridges, new rail systems and track, and a new ADA-accessible West Baltimore MARC station.[1]

5.      Amtrak is authorized under 49 U.S.C. § 24311 to acquire interests in property necessary for intercity rail passenger transportation through eminent domain.  In this action, Amtrak asserts and exercises its right under 49 U.S.C. § 24311(a)(1)(A) to acquire the Subject Property Interests because they are necessary for intercity rail passenger transportation.  As described below, Amtrak is depositing with the Court the amount it estimates to be just compensation for each of the Subject Property Interests in accordance with statutory requirements.

6.      The First Subject Property Interest is located at 1006 North Payson Street, Baltimore City, Maryland 21217, which is recorded in the Baltimore City Property Location Block Plats as Ward 16 - Section 05 - Block 0057 - Lot 004.

7.      The Second Subject Property Interest is located at 1008 North Payson Street, Baltimore City, Maryland 21217, which is recorded in the Baltimore City Property Location Block Plats as Ward 16 - Section 05 - Block 0057 - Lot 005.

8.      The Third Subject Property Interest is located at 1016 North Payson Street,

---

[1] *See* https://www.amtrak.com/bptunnel

Baltimore City, Maryland 21217, which is recorded in the Baltimore City Property Location Block Plats as Ward 16 – Section 05 – Block 0057 – Lot 009.

9.      The Fourth Subject Property Interest is located at 1002 North Payson Street, Baltimore City, Maryland 21217, which is recorded in the Baltimore City Property Location Block Plats as Ward 16 – Section 05 – Block 0057 – Lot 002.

## II.   PARTIES

10.     As tasked by the United States Congress in the Passenger Rail Investment and Improvement Act of 2008 ("PRIIA"), as amended, Amtrak's mission is to "provide efficient and effective intercity passenger rail mobility consisting of high-quality service that is trip-time competitive with other intercity travel options …."  49 U.S.C. § 24101(b).  Amtrak is a District of Columbia corporation authorized by the Rail Passenger Service Act (currently set forth at 49 U.S.C. § 24101, *et seq.*).  Amtrak's principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.  It is the Nation's intercity passenger rail service provider and high-speed rail operator, and operates a national rail network of more than 21,400 route miles serving more than 500 destinations in forty-six states, the District of Columbia, and three Canadian provinces.  The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

### FIRST SUBJECT PROPERTY INTEREST – 1006 NORTH PAYSON STREET

11.     Upon information and belief, Defendant Yvette Wormley a/k/a Yvette Wormly (referred to herein as "Ms. Wormley") is the current record owner of the First Subject Property Interest pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records, whose last known address was 3471 Chardonnay Drive, York, Pennsylvania 17404.

12.     Upon information and belief, Defendant George G. Wormley had an interest in the First Subject Property Interest as a record owner, pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records.  Upon information and belief, Mr. Wormley is deceased.  Pursuant to a search of The Office of the Register of Wills of Maryland, an estate was opened for Mr. Wormley and Sharon A. Wormley was appointed as Personal Representative, whose last known address is 9058 Meadow Heights Road, Randallstown, Maryland 21133.

13.     Upon information and belief, Defendant Lee & Selma, LLC (referred to herein as "Lee & Selma") is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Maryland.  Lee & Selma had or may have an interest in the First Subject Property Interest, specifically as the holder of a Ground Rent.

14.     Upon information and belief, Defendant Associates Financial Services Company of Maryland, Inc. is a company organized under the laws of the State of Maryland with its principal place of business in Maryland.  Associates Financial Services Company of Maryland, Inc. may have an interest in the First Subject Property Interest, specifically as the holder of a mortgage lien/interest.

15.     Upon information and belief, Defendant CitiFinancial Mortgage Company, Inc. is a company organized under the laws of the State of New York with its principal place of business in Connecticut.  CitiFinancial Mortgage Company, Inc. may have an interest in the First Subject Property Interest, specifically as the holder of a mortgage lien/interest.

16.     Upon information and belief, Defendant Citicorp Home Mortgage Services, Inc. is a company organized under the laws of the State of North Carolina with its principal place of business in Missouri.  Citicorp Home Mortgage Services, Inc. may have an interest in the First

Subject Property Interest, specifically as the holder of a mortgage lien/interest.

17.     Upon information and belief, Defendant CitiMortgage, Inc. is a company organized under the laws of the State of New York with its principal place of business in Missouri.   CitiMortgage, Inc. may have an interest in the First Subject Property Interest, specifically as the holder of a mortgage lien/interest.

18.     Defendant Edward S. Cohn is or may be an Assignee of a mortgage related to the First Subject Property Interest and thus, may have an interest in the First Subject Property Interest pursuant to a mortgage.

19.     Defendant Stephen N. Goldberg is or may be an Assignee of a mortgage related to the First Subject Property Interest and thus, may have an interest in the First Subject Property Interest pursuant to a mortgage.

20.     Defendant Richard E. Solomon is or may be an Assignee of a mortgage related to the First Subject Property Interest and thus, may have an interest in the First Subject Property Interest pursuant to a mortgage.

21.     Defendant Richard J. Rogers is or may be an Assignee of a mortgage related to the First Subject Property Interest and thus, may have an interest in the First Subject Property Interest pursuant to a mortgage.

22.     Defendant Cohn, Goldberg & Deutsche, LLC is or may be an Assignee of a mortgage related to the First Subject Property Interest and thus, may have an interest in the First Subject Property interest pursuant to a mortgage.

23.     Upon information and belief, Defendant Enterprise Leasing Company is a company organized under the laws of the State of Maryland with its principal place of business in Maryland, which may have an interest in the First Subject Property Interest as a judgment

creditor of Yvette Wormly.

24.    Upon information and belief, Defendant Enterprise Leasing Company of Baltimore is a company organized under the laws of the State of Maryland with its principal place of business in Maryland, which may have an interest in the First Subject Property Interest as a judgment creditor of Yvette Wormly.

25.    Upon information and belief, Defendant Enterprise RAC Company of Baltimore, LLC is a company organized under the laws of the State of Maryland with its principal place of business in Maryland, which may have an interest in the First Subject Property Interest as a judgment creditor of Yvette Wormly.

26.    Upon information and belief, Defendant Enterprise RAC Company of Maryland, LLC is a company organized under the laws of the State of Delaware with its principal place of business in Delaware, which may have an interest in the First Subject Property Interest as a judgment creditor of Yvette Wormly.

**SECOND SUBJECT PROPERTY INTEREST – 1008 NORTH PAYSON STREET**

27.    Upon information and belief, Defendant Lula Thrower a/k/a Lula Thower (referred to herein as "Ms. Thrower") is the current record owner of the Second Subject Property Interest pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records.  Upon information and belief, Ms. Thrower is deceased.  Amtrak is unaware of the existence of any estate being opened for Ms. Thrower. Testate and intestate successors of Ms. Thrower are being named as those who may have or may claim an interest in the Second Subject Property Interest.

28.    Upon information and belief, Defendant David J. Kane, Jr. (referred to herein as "Mr. Kane") had or may have an interest in the Second Subject Property Interest, specifically as

the holder of a Ground Rent pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records.  Upon information and belief, Mr. Kane is deceased.  Pursuant to a search of The Office of the Register of Wills of Maryland, an estate was opened for Mr. Kane and Mr. Charles W. Kesler, Jr. was appointed as Personal Representative, whose last known address is 4217 West Rogers Avenue, Baltimore, Maryland 21215.

29.     Upon information and belief, Defendant Kenya Felton holds or may hold a tax sale certificate for the Second Subject Property.  As such, Kenya Felton may have an interest in the Second Subject Property Interest and/or an interest in the proceeds deposited with the court.

**THIRD SUBJECT PROPERTY INTEREST – 1016 NORTH PAYSON STREET**

30.     Upon information and belief, Defendant Robert Owens a/k/a Rob Owens (referred to herein as "Mr. Owens"), is the current record owner of the Third Subject Property Interest pursuant to the Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records, whose last known address is 1641 Gwynn Falls Parkway, Baltimore, Maryland 21217.

31.     Upon information and belief, Defendant Ellen G. Politzer (referred to herein as "Ms. Politzer"), had or may have an interest in the Third Subject Property Interest, specifically as the holder of a Ground Rent.

32.     Upon information and belief, Defendant Wayne Kaiser (referred to herein as "Mr. Kaiser"), had or may have an interest in the Third Subject Property Interest, specifically as a ground lease tenant.

33.     Upon information and belief, Defendant Golden Butterfly, LLC had or may have an interest as the holder of a tax sale certificate in the Third Subject Property Interest and/or in

the proceeds deposited with the Court.

34.     Upon information and belief, Defendant Locke Capital, LLC had or may have an interest as the holder of a tax sale certificate in the Third Subject Property Interest and/or in the proceeds deposited with the Court.

35.     Upon information and belief, Defendant Eskin Law, LLC had or may have an interest as the holder of a tax sale certificate in the Third Subject Property Interest and/or in the proceeds deposited with the Court.

36.     Upon information and belief, Defendant Maryland Automobile Insurance Fund ("MAIF") may have an interest in the Third Subject Property Interest as a judgment creditor of Mr. Owens.

37.     Upon information and belief, Defendant Bank of America, National Association, a corporation with its principal place of business in North Carolina, may have an interest in the Third Subject Property Interest as a judgment creditor of Mr. Owens.

38.     Upon information and belief, Defendant Charles Kerins has or may have an interest in the Third Subject Property Interest specifically as a tenant of the property.

39.     Upon information and belief, there may be tenants or other occupants residing at the Third Subject Property Interest whose identities are not presently known to Amtrak, despite attempts to acquire such information.  Thus, all tenants and current occupants are being named as persons who may have an interest in the Third Subject Property Interest.

**FOURTH SUBJECT PROPERTY INTEREST – 1002 NORTH PAYSON STREET**

40.     Upon information and belief, Defendant Donte Dwayne Summers (referred to herein as "Mr. Summers") is the current record owner of the Fourth Subject Property Interest pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments

and Taxation real property records, whose last known address is 3603 West Saratoga Street, Baltimore, Maryland 21229.

41.     Upon information and belief, Defendant Steven Harris holds or may hold a tax sale certificate, or may have purchased the Fourth Subject Property at tax sale by virtue of a Foreclosure of Rights of Redemption.  As such, Steven Harris, whose last known address is 5 Wolf Place, Irvington, New Jersey 07111 may have an interest in the Fourth Subject Property Interest and/or an interest in the proceeds deposited with the court.

42.     Upon information and belief, Defendant Alvin Pomerantz Revocable Trust, whose last known address is c/o David H. Cohen, Esquire, Cohen and Forman, LLC, 30 East Padonia Road, Suite 500, Timonium, Maryland 21093, may have an interest in the Fourth Subject Property Interest as a judgment creditor of Mr. Summers.

43.     Upon information and belief, Alvin Pomerantz, of the above referenced Alvin Pomerantz Revocable Trust, is deceased.  Pursuant to a search of The Office of The Register of Wills of Maryland, an estate was opened for Mr. Pomerantz.  Sandra P. Gohn and Ellen G. Politzer were appointed as Personal Representatives of the Estate of Alvin Pomerantz, Defendant.  Sandra P. Gohn's last known addresses are 6225 Smith Avenue, Baltimore, Maryland 21209 and 4811 Keswick Road, Baltimore, Maryland 21210. Ellen Politzer's last known address is 3100 Stone Cliff Drive, #407, Baltimore, Maryland 21209.  The Estate of Alvin Pomerantz may have an interest in the Fourth Subject Property Interest as a judgment creditor of Mr. Summers.

44.     Upon information and belief, Defendant PJP Family, LLC, whose last known address is c/o Sandra P. Gohn, Esquire, Resident Agent of PJP Family, LLC, c/o DLA Piper, LLP, 6225 Smith Avenue, Baltimore, Maryland 21209, may have an interest in the Fourth

Subject Property Interest as a judgment creditor of Mr. Summers.

45.     Upon information and belief, Defendant Departed LLC had or may have an interest as the holder of a tax sale certificate in the Fourth Subject Property Interest and/or in the proceeds deposited with the Court.

46.     Upon information and belief, there may be tenants or other occupants residing at the Fourth Subject Property Interest whose identities are not presently known to Amtrak, despite attempts to acquire such information.  Thus, all tenants and current occupants are being named as persons who may have an interest in the Fourth Subject Property Interest.

**ADDITIONAL DEFENDANTS**

47.     Baltimore City, Maryland has or may have an interest in the First Subject Property Interest, the Second Subject Property Interest, the Third Subject Property Interest, and/or the Fourth Subject Property Interest through liens or otherwise.  Defendant Mayor and City Council of Baltimore City (referred to herein as the "City") has, therefore, been included as a Defendant to this action.

48.     The State of Maryland, the Office of the Comptroller of Maryland, and/or the Maryland Department of Health has or may have an interest in the First Subject Property Interest, the Second Subject Property Interest, the Third Subject Property Interest, and/or the Fourth Subject Property Interest through liens or otherwise.  Therefore, the State of Maryland, the Office of the Comptroller of Maryland, and the Maryland Department of Health have been included as Defendants to this action.

49.     In addition to the aforementioned parties named in this Complaint as Defendants, there may be other parties who have, or may claim, some interest in the Subject Property Interests and whose names are unknown to and not reasonably ascertainable by Amtrak at this

time.  Such persons or entities are made prospective parties to this action under the designation of "Unknown Owners and All Persons and/or Entities That May Have an Interest," as permitted by Fed. R. Civ. P. 71.1(c)(3), and are being notified by publication of this action.

## III.   JURISDICTION AND VENUE

50.    The United States District Court for the District of Maryland has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the authority for Amtrak to acquire an interest in property by eminent domain arises under the laws of the United States, specifically 49 U.S.C. § 24311.

51.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1349 because the United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

52.    Venue in the United States District Court for the District of Maryland is proper pursuant to 49 U.S.C. § 24311(b), which requires that actions brought by Amtrak to acquire interests in real property via eminent domain be brought in the United States District Court for the judicial district in which the property to be acquired is located.  The Subject Property Interests are located in the judicial district for the District of Maryland.

53.    Amtrak hereby exercises its power of eminent domain pursuant to 49 U.S.C. § 24311(a)(1)(A) and 49 U.S.C. § 24311(a)(2) and states that: (1) it has not been able to acquire the Subject Property Interests by contract; and (2) it has not been able to agree with the various Defendants on the purchase prices for the Subject Property Interests.

54.    Amtrak is complying with all requirements of 49 U.S.C. § 24311, entitling it to exercise the right of eminent domain to obtain the Subject Property Interests.

IV.    THE RELATIONSHIP OF THE SUBJECT PROPERTY INTERESTS TO AMTRAK'S GOALS AND MISSION

55.    Amtrak's acquisition of the Subject Property Interests is necessary for the construction of the Frederick Douglass Tunnel and to modernize and transform a section of the NEC.  The Program for which the Subject Property Interests are needed will allow Amtrak to better meet the transportation and safety needs of the more than 9 million annual MARC and Amtrak customers who rely on rail service in the northeast region of the United States.

56.    The Subject Property Interests are necessary for intercity rail passenger transportation in connection with Amtrak's development of high-speed intercity rail passenger facilities along the NEC, as authorized by the Rail Passenger Service Act, 49 U.S.C. § 24301, *et seq*.

*Time is of the Essence*

57.    As discussed above, the Program will allow for improvements that are essential to intercity rail transportation and the timing of beginning construction is critical.

58.    Amtrak needs the Subject Property Interests so that improvements can be made without delay.

V.    DECLARATION OF TAKING

59.    As set forth above, and for other good and sufficient reasons, acquisition of the Subject Property Interests is necessary for intercity rail passenger transportation in the United States.  The acquisition of the Subject Property Interests has a direct nexus to, and/or significant relationship with, Amtrak's statutory mandates, as well as Amtrak's corporate goals and mission. Because the Subject Property Interests are necessary for intercity rail passenger transportation, as set forth in 49 U.S.C. § 24311(a)(1)(A), Amtrak is entitled to, and does, by this action, acquire the Subject Property Interests by eminent domain.

60.     Amtrak is filing a Declaration of Taking contemporaneously herewith and is depositing the money estimated as just compensation as described in Paragraphs 61-101 herein. Amtrak is therefore immediately vested with title to the Subject Property Interests, in total and without lien, pursuant to 49 U.S.C. § 24311(b)(2).

## VI.    STATEMENT OF MONEY ESTIMATED FOR JUST COMPENSATION

### FIRST SUBJECT PROPERTY INTEREST – 1006 NORTH PAYSON STREET

61.     Amtrak obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for the First Subject Property Interest at 1006 North Payson Street, Baltimore, Maryland 21217.  The certified independent real estate appraiser ascertained that the fair market value of the First Subject Property Interest as of July 19, 2021 was Fourteen Thousand Two Hundred Dollars and No Cents ($14,200.00).

62.     Prior to the filing of this Complaint, Amtrak attempted to locate Ms. Wormley to negotiate a purchase price for the First Subject Property Interest.  Amtrak has been unsuccessful in attempting to locate Ms. Wormley.

63.     On January 11, 2022, Amtrak sent to Ms. Wormley's last known address an offer to purchase the First Subject Property Interest for the sum of Fourteen Thousand Two Hundred Dollars and No Cents ($14,200.00). Amtrak did not receive a response to its offer to acquire the First Subject Property Interest.

64.     In June 2022, Amtrak obtained from a different certified independent real estate appraiser a second valuation of the estimated just compensation for the First Subject Property Interest.  The certified independent real estate appraiser ascertained that the fair market value of the First Subject Property Interest as of June 20, 2022, is Fifty-Two Thousand Dollars and No Cents ($52,000.00).

65.     On January 31, 2023, Amtrak sent to Ms. Wormley's last known address an offer to purchase the First Subject Property for the sum of Fifty-Two Thousand Dollars and No Cents ($52,000.00).  Ms. Wormley has not responded to Amtrak's offers.

66.     Amtrak's attempts to purchase the First Subject Property Interest by consent were unsuccessful.  Consequently, Amtrak was not able to acquire the First Subject Property Interest by contract or agree as to the purchase price for the First Subject Property Interest. Amtrak has, therefore, determined to acquire the First Subject Property Interest by use of its eminent domain powers.

67.     At or about the time of the filing of this action, Amtrak is depositing into the Court the amount of Fifty-Two Thousand Dollars and No Cents ($52,000.00) (the "First Deposit"). This amount is equal to or greater than just compensation for the First Subject Property Interest.  This deposit is a prerequisite to the filing of a Declaration of Taking and vesting of title of the First Subject Property Interest in Amtrak.

68.     On May 3, 2023, Amtrak sent to Lee & Selma, LLC's last known address an offer letter for redemption of its ground rent interest in the First Subject Property Interest.  Counsel on behalf of Lee & Selma, LLC, Lee N. Barnstein, contacted Amtrak's counsel regarding such offer. Pursuant to such communications, Amtrak intends to redeem the ground rent for the First Subject Property Interest by becoming the holder of the ground rent interest via a deed of assignment of ground rent interest, a copy of which has been provided to Mr. Barnstein by Amtrak's counsel.

69.     Pursuant to 49 U.S.C. § 24311(b)(3), a finding on the amount that is just compensation for the interest taken in the First Subject Property is to be made.  Amtrak requests that the determination of the value of just compensation be referred to a duly appointed

commission pursuant to Federal Rule of Civil Procedure 71.1(h)(2).

**SECOND SUBJECT PROPERTY INTEREST – 1008 NORTH PAYSON STREET**

70.      Amtrak obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for the Second Subject Property Interest at 1008 North Payson Street, Baltimore, Maryland 21217.   The certified independent real estate appraiser ascertained that the fair market value of the Second Subject Property Interest as of July 19, 2021, was Fifteen Thousand Dollars and No Cents ($15,000.00).

71.      Prior to the filing of this Complaint, Amtrak attempted to locate Ms. Thrower in an attempt to negotiate a purchase price for the Second Subject Property Interest.   Upon information and belief, Ms. Thrower is deceased.   Upon receipt of this information, Amtrak attempted to locate an estate, but none was found.

72.      On December 15, 2021, Amtrak sent an offer to purchase the Second Subject Property Interest to the property address.   Said offer was in the amount of Fifteen Thousand Dollars and No Cents ($15,000.00).   Amtrak did not receive a response to its offer to acquire the Second Subject Property Interest.

73.      In June 2022, Amtrak obtained from a different certified independent real estate appraiser a second valuation of the estimated just compensation for the Second Subject Property Interest.   The certified independent real estate appraiser ascertained that the fair market value of the Second Subject Property Interest as of June 20, 2022 is Fifty-Five Thousand Dollars and No Cents ($55,000.00).

74.      On January 31, 2023, Amtrak sent another offer to purchase the Second Subject Property Interest to Maurice Thrower, son of Lula Thrower, at 72 Sandalwood Drive, Apartment 37, Chula Vista, California 91910 for the sum Fifty-Five Thousand Dollars and No Cents

($55,000.00).  Again, Amtrak did not receive a response to its offer.

75.     Amtrak's attempts to purchase the Second Subject Property Interest by consent were unsuccessful.  Consequently, Amtrak was not able to acquire the Second Subject Property Interest by contract or agree as to its purchase price.  Amtrak has, therefore, determined to acquire the Second Subject Property by use of its eminent domain powers.

76.     At or about the time of the filing of this action, Amtrak is depositing into the Court the amount of Fifty-Five Thousand Dollars and No Cents ($55,000.00).

77.     On May 3, 2023, Amtrak sent to the Estate of David J. Kane, Jr. c/o Charles Kesler, Jr., Personal Representative, at his last known address, an offer letter for redemption of the ground rent interest in the Second Subject Property Interest.  Amtrak did not receive a response to its offer.

78.     Therefore, Amtrak is also depositing into the Court the amount of One Thousand Six Hundred and Fifty-Two Dollars and No Cents ($1,652.00) reflecting the redemption amount for the ground lease associated with the Second Subject Property Interest.

79.     The total amount Amtrak is depositing into the Court is Fifty-Five Thousand Nine Hundred Fifty-Two Dollars and No Cents ($56,652.00) (the "Second Deposit"). This amount is equal to or greater than just compensation for the Second Subject Property Interest.  This deposit is a prerequisite to the filing of a Declaration of Taking and the vesting of title of the Second Subject Property Interest in Amtrak.

80.     Pursuant to 49 U.S.C. § 24311(b)(3), a finding on the amount that is just compensation for the interest taken in the Second Subject Property Interest is to be made. Amtrak requests that the determination of the value of just compensation be referred to a duly appointed commission pursuant to Federal Rule of Civil Procedure 71.1(h)(2).

**THIRD SUBJECT PROPERTY INTEREST – 1016 NORTH PAYSON STREET**

81.     Amtrak obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for the Third Subject Property Interest at 1016 North Payson Street, Baltimore, Maryland 21217.  The certified independent real estate appraiser ascertained that the fair market value of the Second Subject Property Interest as of June 20, 2022 was Eighty-Five Thousand Dollars and No Cents ($85,000.00).

82.     Subsequently, Amtrak and Mr. Owens entered into a Purchase and Sales Agreement for Amtrak's acquisition of the Third Subject Property Interest dated October 26, 2022 (the "Agreement").  The Agreement set forth terms and conditions by which Mr. Owens would sell his ownership interest in the Third Subject Property Interest to Amtrak and conferred certain contractual obligations upon Mr. Owens.

83.     More specifically, the Agreement imposed certain obligations upon Mr. Owens, which, *inter alia*, included:

> a.     Mr. Owens was obligated to sell his interest in the Property located at 1016 North Payson Street in accordance with the terms and conditions of the Agreement.
>
> b.     Mr. Owens was required to transfer, upon sale, fee simple title to the Property that is marketable and insurable.
>
> c.     Mr. Owens was required to provide a closing statement, transfer certificate, owner's affidavit, and such additional documents as may be reasonably requested and/or required by law in order to convey the Property to Amtrak and to issue an owner's policy of title insurance.

84.     Mr. Owens breached the terms of the Agreement by multiple actions and omissions, including:

> a.     Mr. Owens failed to provide Property Title & Escrow with his social security number, by document or otherwise. This information was reasonably requested for the purposes of determining whether he could transfer, upon sale, fee simple title to the Property that is marketable and insurable.

b. Mr. Owens failed to respond to communications with Property Title & Escrow, even though he was required to cooperate with it and provide information and documents.

c. Mr. Owens failed to communicate with Amtrak and otherwise reasonably cooperate during the transaction. Under Maryland law and otherwise, Mr. Owens had an obligation to act in good faith with respect to this transaction.

85.     Since January 2023, Amtrak has been attempting to contact Mr. Owens by phone and by written correspondence and has provided Mr. Owens with numerous opportunities to cure his breach of the Agreement.  Mr. Owens has failed to cure the breach and has failed to contact Amtrak in any capacity.

86.     At all times relevant hereto, Amtrak was ready, willing, and able to perform under the terms of the Agreement, however, Mr. Owens failed to satisfactorily perform under the Agreement.

87.     Amtrak attempted to acquire the Third Subject Property Interest by entering into the Agreement with Mr. Owens.  However, due to Mr. Owen's breach of the Agreement, Amtrak's attempts to acquire the Third Subject Property Interest by consent were unsuccessful. Consequently, Amtrak has, therefore, determined to acquire the Third Subject Property Interest by use of its eminent domain powers.

88.     Further, based upon information presently available, Amtrak believes that individuals may be occupying the Third Subject Property Interest as tenants.  Amtrak has made numerous attempts to contact the tenants, which are detailed immediately below. Based upon such attempts, Amtrak believes that the current occupants of the Third Subject Property Interest are an adult female and her two daughters who are minors.

a. Amtrak's Senior Acquisitions Manager, Jennifer Crumley, visited the property on eight separate occasions to speak with the tenants. The dates of Ms. Crumley's visits were February 28, 2022, April 26, 2022, May 18, 2022, August 18, 2022, November 2, 2022, January 12, 2023, January 23, 2023, and February 1, 2023.   These attempts to speak with the tenants were

unsuccessful, but on each such occasion, Ms. Crumley left a business card at the property with a note on the back or provided a separate written note with her business card requesting that the tenants contact her regarding relocation benefits. They did not.

b.  In addition, Amtrak's representative from Diversified Property Services, Inc., Debbie Carter, made several attempts to contact the tenants regarding relocation benefits via written correspondence. Ms. Carter mailed correspondence to the tenants regarding relocation benefits and providing her contact information on the following dates: August 4, 2021, September 9, 2021, September 28, 2021, October 26, 2021, January 14, 2022, October 28, 2022, and April 13, 2023. No response to the letters was received.

c.  Additionally, Ms. Carter also visited the property on April 11, 2023 and observed an adult woman enter the property. Ms. Carter immediately knocked on the door, but did not receive a response, so she left her business card at the property. Ms. Carter again visited the property on April 13, 2023 and observed the same woman and her daughter exiting a vehicle and entering the property. Ms. Carter approached them, introduced herself, and stated that she wanted to provide them with information about tenant relocation benefits. The woman indicated that she knew who Ms. Carter was and that she did not want to speak with her and wanted to speak with her landlord first. Ms. Carter asked the adult woman to have the property owner contact her. Ms. Carter was never contacted by the property owner.

89.  On May 12, 2023, Amtrak sent to Ellen G. Politzer at her last known address an offer letter for redemption of her ground rent interest in the Third Subject Property Interest. Ms. Politzer contacted Amtrak's counsel regarding such offer. Pursuant to such communications, Amtrak intends to redeem the ground rent for the Third Subject Property Interest by becoming the holder of the ground rent interest via a deed of assignment of ground rent, a copy of which has been provided to Ms. Politzer by Amtrak's counsel.

90.  The total amount Amtrak is depositing into the Court is Eighty-Five Thousand Eight Hundred Eighty-Eight Dollars and No Cents ($85,000.00) (the "Third Deposit"). This amount is equal to or greater than just compensation for the Third Subject Property Interest. This deposit is a prerequisite to the filing of a Declaration of Taking and the vesting of title of the Third Subject Property Interest in Amtrak.

91.     Pursuant to 49 U.S.C. § 24311(b)(3), a finding on the amount that is just compensation for the interest taken in the Third Subject Property is to be made. Amtrak requests that the determination of the value of just compensation be referred to a duly appointed commission pursuant to Federal Rule of Civil Procedure 71.1(h)(2).

**FOURTH SUBJECT PROPERTY INTEREST – 1002 NORTH PAYSON STREET**

92.     Amtrak obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for the Fourth Subject Property Interest at 1002 North Payson Street, Baltimore, Maryland 21217. The certified independent real estate appraiser ascertained that the fair market value of the Fourth Subject Property Interest as of July 19, 2021, was Thirty-One Thousand Dollars and No Cents ($31,000.00).

93.     On September 29, 2021, Amtrak sent to Donte Dwayne Summers at his last known address an offer to purchase the Fourth Subject Property Interest for the sum of Thirty-One Thousand Dollars and No Cents ($31,000.00). Amtrak did not receive a response to its offer to acquire the Fourth Subject Property Interest.

94.     In June 2022, Amtrak obtained from a different certified independent real estate appraiser a second valuation of the estimated just compensation for the Fourth Subject Property Interest. The certified independent real estate appraiser ascertained that the fair market value of the Fourth Subject Property Interest as of June 30, 2022 is Seventy-Three Thousand Eight Hundred Dollars and No Cents ($73,800.00).

95.     On September 29, 2022, Amtrak sent to attorney Joseph P. Suntum, on behalf of Donte Dwayne Summers, an offer to purchase the Fourth Subject Property Interest for the sum of Seventy-Three Thousand Eight Hundred Dollars and Zero Cents ($73,800.00). Amtrak did not receive a response to its offer to acquire the Fourth Subject Property Interest.

96.     Upon information and belief, on or about March 10, 2023, Steven Harris became the legal owner of the Fourth Subject Property Interest pursuant to the judgment entered in the following matter: *Steven Harris v. Donte Dwayne Summers, et al.*, Case No.: 24-C-21-001141.

97.     On May 16, 2023, Amtrak sent to attorney Ryan Lewis of Lewis McDaniels, LLC, on behalf of Steven Harris, an offer to purchase the Fourth Subject Property Interest for the sum of Seventy-Three Thousand Eight Hundred Dollars and Zero Cents ($73,800.00).

98.     Between June 9, 2023 and July 13, 2023, counsel for Amtrak and counsel for Mr. Harris negotiated and exchanged numerous offers and counteroffers in an effort to contract and agree as to the purchase price for acquisition of the Fourth Subject Property Interest.   On July 13, 2023, though counsel, Mr. Harris declined Amtrak's final offer.

99.     Amtrak's attempts to purchase the Fourth Subject Property Interest by consent were unsuccessful.  Consequently, Amtrak was not able to acquire the Fourth Subject Property Interest by contract or agree as to its purchase price.  Amtrak has, therefore, determined to acquire the Fourth Subject Property by use of its eminent domain powers.

100.     At or about the time of the filing of this action, Amtrak is depositing into the Court the amount of Seventy-Three Thousand Eight Hundred Dollars and No Cents ($73,800.00) (the "Fourth Deposit").  This amount is equal to or greater than just compensation for the Fourth Subject Property Interest.  This deposit is a prerequisite to the filing of a Declaration of Taking and the vesting of title of the Fourth Subject Property Interest in Amtrak.

101.     Pursuant to 49 U.S.C. § 24311(b)(3), a finding on the amount that is just compensation for the interest taken in the Fourth Subject Property Interest is to be made. Amtrak requests that the determination of the value of just compensation be referred to a duly appointed commission pursuant to Federal Rule of Civil Procedure 71.1(h)(2).

## VII.    POSSESSION OF THE SUBJECT PROPERTY INTERESTS

### FIRST SUBJECT PROPERTY INTEREST – 1006 NORTH PAYSON STREET

102.    Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak[.]"

103.    Amtrak first seeks immediate access to the First Subject Property Interest to conduct a thorough inspection.

104.    Secondly, Amtrak requests that the Court determine the time and terms under which possession of the First Subject Property Interest will be given to Amtrak.

105.    Amtrak needs immediate access to the First Subject Property Interest because: (1) no just reason exists for delay in allowing Amtrak to inspect the First Subject Property Interest; (2) Amtrak's immediate access to the First Subject Property Interest will not cause any inconvenience or expense to Ms. Wormley, The Estate of George G. Wormley, Sharon A. Wormley, Personal Representative, Lee & Selma, LLC, Associates Financial Services Company of Maryland, Inc., Citifinancial Mortgage Company, Inc., Citicorp Home Mortgage Services, Inc., CitiMortgage, Inc., Edward S. Cohn, Stephen N. Goldberg, Richard E. Soloman, Richard J. Rogers, Cohn, Goldberg & Deutsche, LLC, Enterprise Leasing Company, Enterprise Leasing Company of Baltimore, Enterprise RAC Company of Baltimore, LLC, Enterprise RAC Company of Maryland, LLC, or any other person, entity, or Defendant; and (3) delay in allowing Amtrak access to the First Subject Property Interest will obstruct Amtrak's ability to plan for an orderly transfer of possession and use of the First Subject Property Interest for intercity rail passenger transportation.

### SECOND SUBJECT PROPERTY INTEREST – 1008 NORTH PAYSON STREET

106.    Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by

which, and the terms under which, possession of the property is given to Amtrak[.]"

107.     Amtrak first seeks immediate access to the Second Subject Property Interest to conduct a thorough inspection.

108.     Secondly, Amtrak requests that the Court determine the time and terms under which possession of the Second Subject Property Interest will be given to Amtrak.

109.     Amtrak needs immediate access to the Second Subject Property Interest because: (1) no just reason exists for delay in allowing Amtrak to inspect the Second Subject Property Interest; (2) Amtrak's immediate access to the Second Subject Property Interest will not cause any inconvenience or expense to Ms. Thrower, the Estate of Ms. Thrower, the Testate and Intestate Successors of Ms. Thrower, The Estate of David J. Kane, Jr., Charles W. Kesler, Jr., Personal Representative, Kenya Felton, or any other person, entity, or Defendant; and (3) delay in allowing Amtrak access to the Second Subject Property Interest will obstruct Amtrak's ability to plan for an orderly transfer of possession and use of the Second Subject Property Interest for intercity rail passenger transportation.

**THIRD SUBJECT PROPERTY INTEREST – 1016 NORTH PAYSON STREET**

110.     Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak[.]"

111.     Amtrak first seeks immediate access to the Third Subject Property Interest to conduct a thorough inspection.

112.     Secondly, Amtrak requests that the Court determine the time and terms under which possession of the Third Subject Property Interest will be given to Amtrak.

113.     Amtrak needs immediate access to the Third Subject Property Interest because: (1) no just reason exists for delay in allowing Amtrak to inspect the Third Subject Property

Interest; (2) Amtrak's immediate access to the Third Subject Property Interest will not cause any inconvenience or expense to Mr. Owens, Ms. Politzer, Mr. Kaiser, Golden Butterfly, LLC, Locke Capital, LLC, Eskin Law, LLC, Maryland Automobile Insurance Fund, Bank of America, National Association, Charles Kerins, tenants and current occupants of the property, or any other person, entity, or Defendant; and (3) delay in allowing Amtrak access to the Third Subject Property Interest will obstruct Amtrak's ability to plan for an orderly transfer of possession and use of the Third Subject Property Interest for intercity rail passenger transportation.

**FOURTH SUBJECT PROPERTY INTEREST – 1002 NORTH PAYSON STREET**

114.    Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak[.]"

115.    Amtrak first seeks immediate access to the Fourth Subject Property Interest to conduct a thorough inspection.

116.    Secondly, Amtrak requests that the Court determine the time and terms under which possession of the Fourth Subject Property Interest will be given to Amtrak.

117.    Amtrak needs immediate access to the Fourth Subject Property Interest because: (1) no just reason exists for delay in allowing Amtrak to inspect the Fourth Subject Property Interest; (2) Amtrak's immediate access to the Fourth Subject Property Interest will not cause any inconvenience or expense to Mr. Summers, Mr. Harris, Departed LLC, the Alvin Pomerantz Revocable Trust, the Estate of Alvin Pomerantz, Sandra P. Gohn, as Personal Representative for the Estate of Alvin Pomerantz, Ellen G. Politzer, as Personal Representative for the Estate of Alvin Pomerantz, PJP Family, LLC, tenants and current occupants of the property, or any other person, entity, or Defendant; and (3) delay in allowing Amtrak access to the Fourth Subject Property Interest will obstruct Amtrak's ability to plan for an orderly transfer of possession and

use of the Fourth Subject Property Interest for intercity rail passenger transportation.

118.    Baltimore City, the State of Maryland, the Office of the Comptroller of Maryland, and the Maryland Department of Health do not contest Amtrak's taking in this action.

**VIII.    OUTSTANDING CHARGES**

119.    Pursuant to 49 U.S.C. § 24311(b)(2)(B), upon the filing of the Declaration of Taking, the Court is empowered to decide "the disposition of outstanding charges related to" the Subject Property Interests.

120.    In particular, Amtrak seeks from the Defendants (other than Baltimore City, the State of Maryland, the Office of the Comptroller of Maryland, and the Maryland Department of Health), as applicable and appropriate, the value of its possession of the property interests being acquired during the time period running from the date of the filing of the Declaration of Taking, when the Subject Property Interests vest with Amtrak, to the date of possession by Amtrak.

121.    Amtrak seeks the disposition of all such outstanding charges, if any, and requests that such charges be disposed of by imposing them on the Defendants (other than Baltimore City, the State of Maryland, the Office of the Comptroller of Maryland, and the Maryland Department of Health), as applicable and appropriate.

WHEREFORE, Plaintiff, National Railroad Passenger Corporation, also known as Amtrak, respectfully prays for judgment that the Subject Property Interests be and are condemned; and that this Court grant such other relief as may be just, including but not limited to: an order fixing the value of each of the Subject Property Interests condemned; the time and terms for Amtrak's possession of the First Subject Property Interest, the Second Subject Property Interest, the Third Subject Property Interest, and the Fourth Subject Property Interest; and an order disposing of any outstanding charges thereon.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD
PASSENGER CORPORATION**


/s/  *Patricia McHugh Lambert*
Patricia McHugh Lambert, Federal Bar #02539
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD  21204-2600
Telephone: 410-938-8800
Fax: 667-275-3059
plambert@pklaw.com