**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),** *

**Plaintiff,** *

**v.** * **CIVIL NO. JKB-23-2158**

**.025 ACRES MORE OR LESS OF LAND, et al.,** *

**Defendants.** *

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff National Railroad Passenger Corporation, also known as Amtrak ("Amtrak") filed a Complaint for Condemnation and Request for Possession. (Compl., ECF No. 1.) Currently pending before the Court is Amtrak's Motion to Deposit Estimate of Just Compensation. (ECF No. 6.) The Court will grant the Motion and direct Amtrak to file a status report.

***I. Background***

Amtrak "pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1" filed a "Complaint for Condemnation of all interests in the four (4) properties" on North Payson Street in Baltimore, Maryland (the "Subject Property Interests"). (Compl. at 12–14.) Amtrak explains that it "must acquire the Subject Property Interests for the Baltimore and Potomac ('B&P') Tunnel Replacement Program (the 'Program')." (*Id.* ¶ 2.) In its Complaint, Amtrak describes each of the Subject Property Interests, the Defendants that have or may have an interest in each of the Subject Property Interests, and its unsuccessful efforts to obtain each Subject Property Interest by contract with the owners. (*Id.* ¶¶ 11–49; 61–

101.) It also describes the estimated just compensation for each Subject Property Interest. (*Id.* ¶¶ 67, 79, 90, 100.)

Amtrak explains that it "needs the Subject Property Interests so that improvements can be made without delay." (*Id.* ¶ 58.) It seeks, *inter alia*, (1) immediate access to each property to conduct an inspection (*id.* ¶¶ 103, 107, 111, 115) and (2) that the Court determine the time and terms under which possession of each property will be given to Amtrak (*id.* ¶¶ 104, 108, 112, 116).

In addition to the Complaint, Amtrak filed Notices of Condemnation (ECF Nos. 2, 3, 4, 8); a Declaration of Taking (ECF No. 5); and the pending Motion to Deposit Estimate of Just Compensation (ECF No. 6).

### *II. 49 U.S.C. § 24311*

Pursuant to 49 U.S.C. § 24311(a), "Amtrak may acquire by eminent domain . . . interests in property" that are "necessary for intercity rail passenger transportation." It "may exercise the power of eminent domain only if it cannot (A) acquire the interest in the property by contract; or (B) agree with the owner on the purchase price for the interest." *Id.*

Title to the property vests in Amtrak by operation of law once two steps are accomplished: (1) Amtrak files a declaration as required by § 24311(b)(1) and (2) Amtrak makes a deposit of an amount of money estimated to be just compensation. *See* 49 U.S.C. § 24311(b)(1) ("An interest is condemned and taken by Amtrak for its use when a declaration of taking is filed under this subsection and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court."); 49 U.S.C. § 24311(b)(2) ("When the declaration is filed and the deposit is made under paragraph (1) of this subsection, title to the property vests in Amtrak in fee simple absolute or in the lesser interest shown in the declaration, and the right to the money vests in the person entitled to the money."). Next, "the court may decide (A) the time by which,

and the terms under which, possession of the property is given to Amtrak; and (B) the disposition of outstanding charges related to the property." 49 U.S.C § 24311(b)(2). Thereafter, "[a]fter a hearing, the court shall make a finding on the amount that is just compensation for the interest in the property and enter judgment awarding that amount and interest on it." 49 U.S.C § 24311(b)(3).

The Fourth Circuit has explained that there are two methods of exercising the power of eminent domain: "straight condemnation" (where just compensation and final judgment are determined prior to the condemnor's possession) and "quick take" (where the condemnor may take possession at the beginning of the case). *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004). 49 U.S.C. § 24311 is a quick take statute.

***III. Analysis***

In its Motion to Deposit Estimate of Just Compensation, Amtrak seeks to deposit an amount—for each of the Subject Property Interests—that Amtrak has estimated to be just compensation. (*See generally* ECF No. 6.) This is the proper procedure. *See* Fed. R. Civ. P. 71.1(j)(1) (providing that, in a condemnation action, "[t]he plaintiff must deposit with the court any money required by law as a condition to the exercise of eminent domain and may make a deposit when allowed by statute"); 49 U.S.C. § 24311(b)(1) (providing that "an interest is condemned and taken by Amtrak for its use when a declaration of taking is filed . . . and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court"). Accordingly, Amtrak's Motion will be granted.

At this time, the Court does not set "the time by which, and the terms under which, possession of the property is given to Amtrak" or "the disposition of outstanding charges related to the property." *See* 49 U.S.C § 24311(b)(2). In the Complaint, Amtrak seeks (1) immediate access to each property to conduct an inspection (*id.* ¶¶ 103, 107, 111, 115) and (2) that the Court

determine the time and terms under which possession of each property will be given to Amtrak (*id.* ¶¶ 104, 108, 112, 116). It is not clear whether Amtrak seeks access to or possession of the Subject Property Interests before the Court receives input from the Defendants by way of their answers or any motions. The Fourth Circuit has advised in the context of a different quick take statute that "the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay." *Sage*, 361 F.3d at 825. The Court is unable to assess hardship to the Defendants at this juncture without input from the Defendants and without additional detail from Amtrak regarding the scope of any inspection. Accordingly, Amtrak will be directed to provide the Court with a status report detailing the status of service to Defendants and providing the Court with a proposed schedule for further proceedings in this case including, as appropriate, citation to authority.

***IV. Conclusion***

For the foregoing reasons, it is ORDERED that:

1. Amtrak's Motion to Deposit Estimate of Just Compensation (ECF No. 6) is GRANTED.
2. The Clerk SHALL ACCEPT the deposits tendered by Amtrak in the amounts set forth in Amtrak's Motion, as follows (ECF No. 6 at 12):
   a. $52,000.00 as just compensation for the fee simple property interest located at 1006 North Payson Street, Baltimore, Maryland 21217;
   b. $56,652.00 as just compensation for the fee simple property interest located at 1008 North Payson Street, Baltimore, Maryland 21217;
   c. $85,000.00 as just compensation for the fee simple property interest located at 1016 North Payson Street, Baltimore, Maryland 21217; and

d. $73,800.00 as just compensation for the fee simple property interest located at 1002 North Payson Street, Baltimore, Maryland 21217.

3. The Clerk SHALL DEPOSIT these funds into an interest-bearing account under the terms and conditions set forth in Federal Rule of Civil Procedure 67 and this Court's Standing Order of January 25, 2017.

4. Amtrak is DIRECTED to file a status report as described above by September 8, 2023.

DATED this 24 day of August, 2023.

BY THE COURT:

James K. Bredar
Chief Judge