IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-2158 |
| .025 ACRES MORE OR LESS OF LAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff National Railroad Passenger Corporation, also known as Amtrak ("Amtrak"), filed a Complaint for Condemnation and Request for Possession. (Am. Compl., ECF No. 33.) The Court previously directed Amtrak to file a status report. (ECF No. 21.) In its status report, Amtrak details the status of service on Defendants and provides the Court with a proposed schedule for further proceedings in this case, including dates for filing a motion for immediate possession and oppositions thereto. (ECF No. 35.) As Amtrak explains, not all Defendants have yet been served. (*Id.*) The Court will direct Amtrak to file a further status report.

Because Amtrak has filed the declaration required by 49 U.S.C. § 24311(b)(1) and has made a deposit of the amount of money it has estimated to be just compensation, title in the subject properties has vested in Amtrak. 49 U.S.C. § 24311(b)(2). Therefore, "the court may decide [] the time by which, and the terms under which, possession of the property is given to Amtrak[.]" 49 U.S.C § 24311(b)(2). There is less than perfect clarity regarding whether all defendants in a "quick take" condemnation action such as the instant action should be served prior to the Court's award of possession to Amtrak. *Compare United States v. 74.57 Acres of Land, More or Less,*

1

Civ. No. 12-0239-WS-N, 2012 WL 1231933, at *2–3 (S.D. Ala. Apr. 11, 2012) (explaining that "[t]he Government has identified no reason why immediate transfer of possession of the property is of such urgency that it must take place before this Court can receive input from the defendants"), with *United States upon relation of Tennessee Valley Auth. v. Temp. Right to Enter Upon Land in Chester Cnty., Tenn.*, Civ. No. 1232130STAJAY, 2023 WL 3588003, at *1 (W.D. Tenn. May 22, 2023) (explaining that orders of possession may be entered *ex parte*).

The Court expects to entertain a motion for immediate possession only after service has been accomplished pursuant to Federal Rule of Civil Procedure 71.1(d)(3). The Fourth Circuit has advised that "the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay." *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004). While the Court expects to grant possession of the properties to Amtrak after it has effected service upon the Defendants, the Court would be unable to assess hardship to the Defendants if they have not first been served and provided an opportunity to answer.

For the foregoing reasons, it is ORDERED that Amtrak SHALL FILE a status report (and presumably, a motion for possession) when service is effected upon all Defendants. To the extent service is not effected by November 1, 2023, Amtrak SHALL FILE a status report by that date detailing the status of service to the Defendants.

DATED this 12 day of September, 2023.

BY THE COURT:

James K. Bredar
Chief Judge