## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER       *
CORPORATION (AMTRAK),

     **Plaintiff,**                            *

    **v.**                                        *       **CIVIL NO. JKB-23-2158**

**.025 ACRES MORE OR LESS OF LAND,**  *
**et al.,**

    **Defendants.**                           *

    *   *   *   *   *   *   *   *   *   *   *   *

## <u>MEMORANDUM AND ORDER</u>

Currently pending before the Court are various Motions. As discussed in greater detail below, the Court will decide National Railroad Passenger Corporation's ("Amtrak") Motion for Summary Judgment and for Other Relief (ECF No. 68), Defendant Kenya Felton's Motion to Satisfy Claim (ECF No. 70), and Defendant Mayor and City Council of Baltimore City's Motion for Disbursement of Funds (ECF No. 81) after the just compensation hearing. The Court will deny as moot Amtrak's Motion for Leave to File Second Amended Complaint (ECF No. 79), as it did not need to seek leave of Court to file the Second Amended Complaint.

### I.   *Factual and Procedural Background*

Amtrak filed a Complaint for Condemnation and Request for Possession pursuant to 49 U.S.C. § 24311 to acquire by eminent domain the following properties: 1002 North Payson Street, Baltimore, Maryland 21217; 1006 North Payson Street, Baltimore, Maryland 21217; 1008 North Payson Street, Baltimore, Maryland 21217; 1016 North Payson Street, Baltimore, Maryland 21217. (ECF No. 1.) Amtrak listed as Defendants the persons and entities that may claim an interest in each of the subject properties, which includes current and former record owners, tenants,

1

ground rent holders, mortgage lien holders, mortgage assignees, judgment creditors, and holders of tax sale certificates.[1]  (*Id.*)

The Court granted Amtrak's Motion to Deposit Estimate of Just Compensation, and Amtrak deposited funds totaling $267,452.00[2] with the Court.  (ECF No. 21.)  As result, title in the subject properties vested in Amtrak.  (*See* ECF No. 40 (Memorandum and Order explaining that, pursuant to 49 U.S.C. § 24311(b)(2), title had vested in Amtrak).)  The Court explained that it would entertain a motion for immediate possession of the properties once service had been accomplished pursuant to Federal Rule of Civil Procedure 71.1.  (*Id.*)  After Amtrak served all Defendants, the Court granted Amtrak's Motion for Immediate Possession.  (*See* ECF Nos. 58, 62.)

Only a handful of Defendants have entered an appearance and filed an answer in this matter.  They are: CitiMortgage, Inc. (for itself and as successor to Associates Financial Services

---

[1] For instance, Amtrak lists the following as persons or entities that may claim an interest in 1006 North Payson Street: Yvette Wormley (current record owner); Estate of George Wormley (deceased record owner); Sharon Wormley (personal representative of George Wormley); Lee & Selma LLC (holder of a ground rent); Associates Financial Services Company of Maryland, Inc. (holder of a mortgage lien/interest); Citicorp Home Mortgage Services, Inc. (holder of a mortgage lien/interest); CitiMortgage, Inc. (holder of a mortgage lien/interest); Edward S. Cohn (assignee of a mortgage); Stephen N. Goldberg (assignee of a mortgage); Richard E. Solomon (assignee of a mortgage); Richard J. Rogers (assignee of a mortgage); Cohn, Goldberg & Deutsche, LLC (assignee of a mortgage); Enterprise Leasing Company (judgment creditor of Yvette Wormley); Enterprise Leasing Company of Baltimore (judgment creditor of Yvette Wormley); Enterprise RAC Company of Baltimore, LLC (judgment creditor of Yvette Wormley); and Enterprise RAC Company of Maryland, LLC (judgment creditor of Yvette Wormley).  (ECF No. 1 at 15–18.)  1006 North Payson Street has the largest number of potential interest holders, but the other three properties also have multiple potential interest holders.  (*Id.* at 18–22.)

Since filing its initial complaint, Amtrak has added four Defendants who have an interest in 1002 North Payson Street, (*see* ECF Nos. 33, 77), and has dismissed one Defendant related to 1016 North Payson Street, (*see* ECF No. 53).

[2] Amtrak estimated the just compensation for each property as follows:

      1006 North Payson Street: $52,000.00
      1008 North Payson Street: $56,652.00
      1016 North Payson Street: $85,000.00
      1002 North Payson Street: $73,800.00

(ECF No. 1.)  By stipulation between Amtrak and Defendant Steven Harris, Amtrak has since deposited an additional $11,200 with respect to 1002 North Payson Street such that just compensation for that property is now $85,000.00. (ECF No. 56.)

Company of Maryland, Inc., Citicorp Home Mortgage Services, Inc., and CitiFinancial Mortgage Company, Inc.) (ECF No. 52), Kenya Felton (ECF Nos. 22, 23), Mayor and City Council of Baltimore City (ECF No. 24), Office of the Comptroller of Maryland (ECF No. 37, 38), and the Maryland Department of Health (ECF No. 39). None contested Amtrak's authority to condemn the properties.

Currently pending before the Court are four motions: Amtrak's Motion for Summary Judgment and for Other Relief (ECF No. 68), Defendant Kenya Felton's Motion to Satisfy Claim (ECF No. 70), Defendant Mayor and City Council of Baltimore City's Motion for Disbursement of Funds (ECF No. 81), and Amtrak's Motion for Leave to File Second Amended Complaint (ECF No. 79.)

## II.   *Motion for Summary Judgment (ECF No. 68)*

Amtrak has filed a Motion for Summary Judgment and for Other Relief, in which it seeks for the Court to determine the just compensation of the subject properties and the outstanding charges relating to the properties. (ECF No. 68.)

### A. Hearing

The issues of just compensation relating to the subject properties may be determined by summary judgment. *See, e.g., Mountain Valley Pipeline, LLC v. 0.15 Acres of Land by Hale*, Civ. No. 19-00181, 2020 WL 365506, at *4 (W.D. Va. Jan. 22, 2020), *aff'd,* 827 F. App'x 346 (4th Cir. 2020) (explaining that "Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment" and that "[s]ummary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken."). Further, under 49 U.S.C. § 24311(b)(3), "[a]fter a hearing, the court shall make a finding on the amount that is

just compensation for the interest in the property and enter judgment awarding that amount and interest on it." In addition, under 49 U.S.C. § 24311(b)(2)(B), "the court may decide . . . the disposition of outstanding charges related to the property."

The Court will therefore set in a hearing to occur on February 21, 2024 at 11:00 a.m. After such hearing, the Court will make findings related to just compensation and will rule on Amtrak's Motion for Summary Judgment and for Other Relief.

### B. Notice

Amtrak argues in a footnote that it is not required to serve its Motion for Summary Judgment on the non-appearing Defendants.[3] (ECF No. 68-1 at 5 n.8.) Although most Defendants in this matter have not filed answers or otherwise appeared, Federal Rule of Civil Procedure 71.1(e)(3) provides that "at the trial on compensation, a defendant—*whether or not it has previously appeared or answered*—may present evidence on the amount of compensation to be paid and may share in the award." (emphasis added). Therefore, in the interest of ensuring that all Parties may be adequately heard in this matter, the Court will direct Amtrak to provide notice to the non-appearing Defendants of its Motion for Summary Judgment and of this Memorandum and Order on all non-appearing Defendants.[4]

---

[3] Federal Rule of Civil Procedure 71.1(e)(1) explains that "[a] defendant that has no objection or defense to the taking of its property may serve a notice of appearance designating the property in which it claims an interest. The defendant must then be given notice of all later proceedings affecting the defendant." The Ninth Circuit has interpreted this language to mean that the condemning authority is "not required to serve non-objecting defendants who did not file a notice of appearance with its motion for judgment on the pleadings." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 954–55 (9th Cir. 2008). However, under the circumstances of this matter, the Court finds that providing notice to non-appearing Defendants is appropriate.

[4] The Court recognizes that Amtrak's Motion for Summary Judgment is lengthy. It is therefore open to Amtrak identifying a creative solution for providing access to that document to the non-appearing Defendants, such as mailing each Defendant a notice that directs them to a website where the Defendants can access it.

### III.   *Motions for Disbursement (ECF Nos. 70, 81)*

Defendant Kenya Felton filed a Motion to Satisfy Claim (ECF No. 70) and Defendant Mayor and City Council of Baltimore City filed a Motion for Disbursement of Funds (ECF No. 81), both of which seeks disbursement of funds that have been deposited with the Court.  Amtrak does not oppose these Motions.  49 U.S.C. § 24311(b)(4) provides that "[o]n application of a party, the court may order immediate payment of any part of the amount deposited in the court for the compensation to be awarded.  If the award is more than the amount received, the court shall enter judgment against Amtrak for the deficiency."  Further, Federal Rule of Civil Procedure 71.1(c)(4) provides that notice must be served on all defendants, no matter when such defendants were added to the action, and that "[t]he court, meanwhile, may order any distribution of a deposit that the facts warrant."

Given the number of potentially interested Defendants and that the Court is setting in a just compensation hearing, the Court will rule on the Motions for Disbursement at a later date.

### IV.   *Motion to File Amended Complaint (ECF No. 79)*

Amtrak filed a Second Amended Complaint on December 12, 2023 to add a Defendant, Theodoric Colbert. (ECF No. 77.)  The docket reflects a "QC Notice" indicating that Amtrak was required to file a motion for leave to file the Second Amended Complaint. (ECF No. 78.)  Amtrak did so on December 13, 2023.  (ECF No. 79.)  However, Federal Rule of Civil Procedure 71.1(f) provides that "[w]ithout leave of court, the plaintiff may—as often as it wants—amend the complaint at any time before the trial on compensation."  Therefore, the Court will deny as moot the pending Motion for Leave to File a Second Amended Complaint and will direct the Clerk to reinstate ECF No. 77. The Second Amended Complaint will be deemed filed as of December 12,

2023, and Amtrak will be directed to serve Mr. Colbert consistent with the requirements of Rule 71.1, if it has not already done so.

## V.   *Conclusion*

For the foregoing reasons, it is ORDERED that:

1. A JUST COMPENSATION HEARING is set in for February 21, 2024 at 11:00 a.m. in Courtroom 5A at the Edward A. Garmatz U.S. District Courthouse at 101 W. Lombard St., Baltimore, MD 21201.

2. Any Defendant that plans to attend the Just Compensation Hearing is DIRECTED to notify the Court of that fact by February 16, 2024.

3. Amtrak is DIRECTED to serve copies of its Motion for Summary Judgment and Other Relief (ECF No. 68) and of this Memorandum and Order on all non-appearing Defendants.

4. Amtrak's Motion for Leave to File Second Amended Complaint (ECF No. 79) is DENIED.

5. The Clerk's "QC Notice" (ECF No. 78) is VACATED and Amtrak's Second Amended Complaint (ECF No. 77) is REINSTATED.  The Second Amended Complaint (ECF No. 77) is DEEMED FILED as of December 12, 2023.

6. Amtrak is DIRECTED to serve Defendant Theodoric Colbert in accordance with Rule 71.1.

DATED this _8_ day of January, 2024.

BY THE COURT:

James K. Bredar
Chief Judge