## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),            *

              *

    Plaintiff,

              *

    v.                    *              CIVIL NO. JKB-23-2158

.025 ACRES MORE OR LESS OF LAND,    *
et al.,

    Defendants.           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM AND ORDER

The Court issued an Order setting the just compensation for the properties located at 1002, 1006, 1008, and 1016 North Payson Street, in Baltimore, Maryland. (ECF No. 104.) That Order did not prejudice the right of any Defendant to present evidence on their entitlement to a distribution of the amount deposited with the Court. (*Id.*) The Court previously set in a deadline by which any Defendant was required to file a motion for distribution, and explained that any Defendant who did not file a motion by that deadline may forfeit their right to a distribution by the Court. (ECF No. 105.)

The Court received correspondence from Defendant Youman Fullard III. (ECF No. 112.) Mr. Fullard was named as a Defendant by Amtrak as a purported tenant of 1016 North Payson Street. (ECF No. 92.) Mr. Fullard explains that he seeks $125,000 or $90,000 in the alternative, and that he seeks to be paid an amount to him "for damaging [his] business [and] emotionally damaging [him and his] family[.]" (ECF No. 112.) The Court notes that the just compensation for 1016 North Payson Street—which Mr. Fullard did not contest—has been set at $85,000.

Mr. Fullard appears to be seeking some distribution of the $85,000 held by the Court, but also appears to be attempting to assert a counterclaim or a claim for damages. However, Mr. Fullard may not assert any objections to the taking itself at this stage. Rule 71.1(e)(3) provides that "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an

additional objection or defense is allowed." Mr. Fullard did not file any answer or otherwise assert any objections or defenses prior to the correspondence he filed with the Court, and, as the Court previously explained, Amtrak validly holds title to and possesses the property pursuant to 49 U.S.C. § 24311(b)(2). Further, case law reflects that asserting a counterclaim in a condemnation proceeding is not appropriate. *See, e.g.*, *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 380 (4th Cir. 1995) (explaining that a contractual counterclaim could not properly be asserted in a condemnation action); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cnty., W. Va.*, 145 F. Supp. 3d 622, 631 (N.D. W. Va. 2015) ("After extensive research into this matter, this Court concludes that a counterclaim is not a pleading, but is nevertheless barred under Rule 71.1(e) because it is not an objection or defense to the condemnation claim."). Therefore, to the extent that Mr. Fullard is seeking to assert any objection to the taking or any counterclaim, that request is denied.

Further, to the extent that Mr. Fullard is seeking compensation for emotional damages or damage to his business, such compensation is not recoverable in a condemnation action. *See, e.g.*, *United States v. Gen. Motors Corp.*, 323 U.S. 373, 378 (1945) ("The Fifth Amendment concerns itself solely with the 'property,' i.e., with the owner's relation as such to the physical thing and not with other collateral interests which may be incident to his ownership."); *United States v. 7,216.50 Acres of Land, More or Less, Situate in Abbeville Cnty.*, 507 F. Supp. 228, 235–36 (D.S.C. 1980) ("Since 'market value' does not fluctuate with the needs of the condemnor or the condemnee, but with general demand for the property, evidence of loss of profits, damage to good will, lost business opportunities, the expense of relocation and other consequential losses are not allowed in federal condemnation proceedings."). Therefore, Mr. Fullard's request for damages is denied.

Although Mr. Fullard may not assert counterclaims or objections, he may have some legitimate interest in the just compensation that has been set by the Court. *See Alamo Land & Cattle Co., Inc. v. Arizona*, 424 U.S. 295, 303 (1976) ("It has long been established that the holder of an unexpired leasehold interest in the land is entitled, under the Fifth Amendment, to just compensation for the value of that interest when it is taken upon condemnation by the United States."). Therefore,

the Court will afford him a final opportunity to file an appropriate motion for disbursement. The failure to file such a motion may result in the forfeiture of his right to a distribution by the Court.

Accordingly, it is ORDERED that:

1. Mr. Fullard SHALL FILE any appropriate motion for disbursement of funds by April 24, 2024. He is FOREWARNED that a failure to file an appropriate motion by that date may result in the forfeiture of his right to any distribution by the Court.

2. Amtrak SHALL PROVIDE a copy of this Memorandum and Order to Mr. Fullard.

DATED this **15** day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge