IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),** | * | |
| **Plaintiff,** | * | |
| v. | * | CIVIL NO. JKB-23-2158 |
| **.025 ACRES MORE OR LESS OF LAND,** *et al.,* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court issued an Order setting the just compensation for the properties located at 1002, 1006, 1008, and 1016 North Payson Street, in Baltimore, Maryland. (ECF No. 104.) That Order did not prejudice the right of any Defendant to present evidence on their entitlement to a distribution of the amount deposited with the Court. (*Id.*) The Court previously set in a deadline by which any Defendant was required to file a motion for distribution, and explained that any Defendant who did not file a motion by that deadline may forfeit their right to a distribution by the Court. (ECF No. 105.)

The Court received correspondence from Defendant Theodoric Colbert. (ECF No. 111.) Colbert was named as a Defendant by Amtrak as a purported tenant of 1002 North Payson St. (ECF No. 92.) He claims that he was "illegally evicted" from 1002 North Payson Street. (ECF No. 111.) He also explained that "Amtrak was supposed to compensate [him] for the move but they never did" and that he "never heard anything from anyone nor did anyone come let [him] know that [his] stuff was being put out." (*Id.*)

Mr. Colbert appears to take issue with Amtrak's failure to compensate him for his relocation, but this attempt is unavailing. First, it appears that, since Mr. Colbert's correspondence was docketed on March 22, 2024, he has met with Amtrak representatives and has received compensation. (*See* ECF No. 117 at 3 (Amtrak explaining that it met with Mr. Colbert on April 4, 2024 and that "Mr.

Colbert was able to re-take possession of property that was abandoned . . . and he was furnished with payment for his moving expenses under the [Uniform Relocation Assistance and Real Property Acquisition Policies Act ('URA')]"); ECF No. 117-4 (receipt reflecting that a $700.00 relocation payment was made to Mr. Colbert on April 4, 2024).) Second, the URA provides no private right of action, and he therefore cannot assert any claim against Amtrak pursuant to it. *See Clear Sky Car Wash LLC v. City of Chesapeake, Va.*, 743 F.3d 438, 444 (4th Cir. 2014).

Further, Mr. Colbert may not assert any objections to the taking itself at this stage. Rule 71.1(e)(3) provides that "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." Mr. Colbert did not file any answer or otherwise assert any objections or defenses prior to the correspondence he filed with the Court, and, as the Court previously explained, Amtrak validly holds title to and possesses the property pursuant to 49 U.S.C. § 24311(b)(2). Further, case law reflects that asserting a counterclaim in a condemnation proceeding is not appropriate. *See, e.g., United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 380 (4th Cir. 1995) (explaining that a contractual counterclaim could not properly be asserted in a condemnation action); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cnty., W. Va.*, 145 F. Supp. 3d 622, 631 (N.D. W. Va. 2015) ("After extensive research into this matter, this Court concludes that a counterclaim is not a pleading, but is nevertheless barred under Rule 71.1(e) because it is not an objection or defense to the condemnation claim."). Therefore, to the extent that Mr. Colbert is seeking to assert any objection to the taking or any counterclaim, that request is denied.

Although Mr. Colbert may not assert counterclaims or objections, he may have some legitimate interest in the just compensation that has been set by the Court. *See Alamo Land & Cattle Co., Inc. v. Arizona*, 424 U.S. 295, 303 (1976) ("It has long been established that the holder of an unexpired leasehold interest in the land is entitled, under the Fifth Amendment, to just compensation for the value of that interest when it is taken upon condemnation by the United States."). Therefore, the Court will afford Mr. Colbert a final opportunity to file an appropriate motion for disbursement. The failure to file such a motion may result in the forfeiture of his right to a distribution by the Court.

Accordingly, it is ORDERED that:

1. Mr. Colbert SHALL FILE any appropriate motion for disbursement of funds by April 24, 2024. He is FOREWARNED that a failure to file an appropriate motion by that date may result in the forfeiture of his right to any distribution by the Court.

2. Amtrak SHALL PROVIDE a copy of this Memorandum and Order to Mr. Colbert.

DATED this 15 day of April, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge