IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER  \*
CORPORATION (AMTRAK),

    Plaintiff,                          \*

    v.                                 \*             CIVIL NO. JKB-23-2158

.025 ACRES MORE OR LESS OF LAND,  \*
*et al.*,

    Defendants.                   \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

    The Court has reviewed the filings relating to service of process in this case. To ensure that service has been proper, Amtrak will be directed to file additional briefing.

    Federal Rule of Civil Procedure 71.1(d) governs service of process in condemnation proceedings. Rule 71(d)(3)(A) provides that "[w]hen a defendant whose address is known resides within the United States or a territory subject to the administrative or judicial jurisdiction of the United States, personal service of the notice (without a copy of the complaint) must be made in accordance with Rule 4." Rule 4 provides various methods of service upon individuals and entities. Rule 71.1(d)(3)(B) also provides that, "[a] defendant may be served by publication only when the plaintiff's attorney files a certificate stating that the attorney believes the defendant cannot be personally served, because after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown or, if known, that it is beyond the territorial limits of personal service."

    Several Defendants were served pursuant to Rules 4(e)(2)(A) and (B), in accordance with Rule 71.1(d)(3)(A). (*See, e.g.*, ECF Nos. 44, 45, 46, 88, 98.) Several others were served by publication in accordance with Rule 71.1(d)(3)(B). (*See* ECF No. 55.) This appears proper.

However, whether service upon certain other Defendants was proper is unclear. For example, certain individuals and entities appear to have been served by certified mail, return receipt requested. (*See, e.g.,* ECF No. 17 and related exhibits.) Rule 4(e)(1) permits service upon an individual by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h) likewise provides that a corporation, partnership, or association can be served "in the manner prescribed by 4(e)(1) for serving an individual." Maryland Rule 2-121(a) permits service by mail, but it requires "service of process by mail to be by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'" It is not clear from Amtrak's filings whether the mailings were made by restricted delivery, or whether there is some reason that restricted delivery was not required to properly effect service.

Amtrak will therefore be directed to file briefing detailing, for *each Defendant in this case* and with citation to authority, how the service of process comports with Federal Rules of Civil Procedure 4 and 71.1.

Accordingly, it is ORDERED that Amtrak SHALL FILE the above-described briefing regarding service of process by April 24, 2024.

DATED this 16 day of April, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge