IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER   *
CORPORATION (AMTRAK),

    Plaintiff,                                  *

v.                                                    *      CIVIL NO. JKB-23-2158

.025 ACRES MORE OR LESS OF LAND,   *
et al.,

    Defendants.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court issued an Order setting the just compensation for the properties located at 1002, 1006, 1008, and 1016 North Payson Street, in Baltimore, Maryland. (ECF No. 104.) With respect to 1016 North Payson Street, the Court set the just compensation at $85,000.00. (Id.) The Court then set a deadline by which any Defendant was required to file a motion for distribution, and explained that any Defendant who did not file a motion by that deadline may forfeit their right to such distribution by the Court. (ECF No. 105.) This Memorandum and Order concerns Defendant Youman Fullard III, who was named as a Defendant by Amtrak as a tenant of 1016 North Payson Street.

On March 22, 2024, the Court received Mr. Fullard's Motion for Release of Funds. (ECF No. 112.) He explained that he sought $125,000 and, additionally, that he sought compensation "for [Amtrak] damaging [his] business [and] emotionally damaging [him and his] family[.]" (Id.) The Court, in a Memorandum and Order dated April 15, 2024, explained that "Mr. Fullard appear[ed] to be seeking some distribution of the $85,000 held by the Court, but also appear[ed] to be attempting to assert a counterclaim or a claim for damages." (ECF No. 118.) The Court explained that Mr. Fullard was not permitted to assert any objections to the taking itself at this stage of the litigation. (Id.) The Court also explained that he was not permitted to assert any counterclaims against Amtrak or to seek damages in this proceeding. (Id.) However, because Mr. Fullard, as a former tenant of

1016 North Payson Street, may have some legitimate interest in the just compensation in the property, the Court permitted Mr. Fullard another opportunity to file an appropriate motion for a disbursement of funds. (*Id.*) The Court warned Mr. Fullard that it would provide him "a final opportunity to file an appropriate motion for disbursement" and that "[t]he failure to file such a motion may result in the forfeiture of his right to a distribution by the Court." (*Id.*)

Rather than file an appropriate motion, Mr. Fullard filed correspondence on May 1, 2024, which the Court construes as a motion, seeking damages and again appearing to assert counterclaims against Amtrak. (ECF No. 125.) As the Court previously explained, this is impermissible. Mr. Fullard's Motion alleges that a "fake property manager had rented [his] home to squatters." (*Id.*) He alleges that security hired by Amtrak did not evict the squatters, and that he was required to expend significant funds to evict the squatters and repair the property. (*Id.*) He seeks $43,500 in compensation. (*Id.*) This is not an appropriate request, and the motion will be denied.

However, the Court will provide Mr. Fullard with a final opportunity to file an appropriate motion. Because he was a tenant of 1016 North Payson Street, he "may have a legitimate interest in the just compensation awarded to a property owner." *Amtrak v. 1.578 Acres or More or Less of Land*, Civ. No. PWG-00-3569, 2003 U.S. Dist. LEXIS 27600, at *4 (D. Md. Aug. 21, 2003). However, Mr. Fullard is forewarned that his failure to file an appropriate motion *will result in the forfeiture of his right to any distribution by the Court*. Mr. Fullard is forewarned that he *may not assert any claims for damages or counterclaims against Amtrak* in this proceeding. He may only seek an appropriate distribution of the just compensation held by the Court.

Accordingly, it is ORDERED that:

1. Mr. Fullard's Motions for Distribution (ECF Nos. 112, 125) are DENIED without prejudice.

2. Mr. Fullard SHALL FILE any appropriate motion for disbursement of funds by May 17, 2024. He is FOREWARNED that a failure to file an appropriate motion (as described above) by that date will result in the forfeiture of his right to any distribution by the Court.

2

3. The Clerk SHALL MAIL a copy of this Memorandum and Order to Mr. Fullard at the address listed in his most recent filing (ECF No. 125 at 2).

4. Amtrak SHALL PROVIDE a copy of this Memorandum and Order to Mr. Fullard.

DATED this 9 day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

3