IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-2158 |
| .025 ACRES MORE OR LESS OF LAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In this condemnation action, Amtrak, pursuant to 49 U.S.C. § 24311, has acquired by eminent domain the following properties located in Baltimore, Maryland: 1002 North Payson Street; 1006 North Payson Street; 1008 North Payson Street; and 1016 North Payson Street. The Court held a hearing regarding the just compensation for each of the four properties and issued an Order setting such just compensation. (ECF Nos. 103, 104.) The Court concluded that the just compensation for the properties were as follows: $85,000 for 1002 North Payson Street; $52,000 for 1006 North Payson Street; $56,652 for 1008 North Payson Street; and $85,000 for 1016 North Payson Street. (ECF No. 104.) Amtrak has deposited funds totaling $278,652 with the Court, which have been held in an interest-bearing account in the registry of the Court. (ECF Nos. 21, 60.)

The Court set in deadlines for filing motions for disbursement with respect to the funds held in the registry of the Court, (ECF No. 105), and the Court received several motions for disbursement, as described in more detail below. Given the competing claims to the funds held with respect to certain of the properties, this case was referred to Magistrate Judge Austin for settlement and settlement conferences were scheduled. (ECF Nos. 131, 136–38.) Thereafter, the parties submitted the following documents to the Court: Joint Motion to Approve Settlement Agreement for Disbursement of Funds for 1008 North Payson Street (ECF No. 143); Joint Motion to Approve

Settlement Agreement for Disbursement of Funds for 1006 North Payson Street (ECF No. 144); and a Joint Status Report relating to 1016 North Payson Street (ECF No. 148).

The Court concludes that it has jurisdiction over all appearing and non-appearing Defendants, given the nature of this action and that all Defendants have been served by Amtrak. (*See* ECF No. 123, 124 (status reports detailing service of process on Defendants).) Further, the time for filing motions for disbursement has long passed. As provided in 49 U.S.C. § 24311(b)(4), "[o]n application of a party, the court may order immediate payment of any part of the amount deposited in the court for the compensation to be awarded." Federal Rule of Civil Procedure 71.1(c)(4) provides that "[t]he court [] may order any distribution of a deposit that the facts warrant." The Court will resolve the motions for disbursement and the additional motions, and will enter partial judgment as specified below and as detailed in the Order accompanying this Memorandum.

I.  **1002 North Payson Street**

The Court set the just compensation for 1002 North Payson Street at $85,000. (ECF No. 104.) The Court has received only one motion for disbursement with respect to that property,[1] Steven Harris's Motion for Disbursement of Funds. (ECF No. 86.) Mr. Harris seeks that the Court issue a check in the amount of $85,000 plus accrued interest to him. (*Id.*) He explains that he was named as a defendant in this matter because he holds a fee simple interest in 1002 North Payson Street. (*Id.*)

Although this award to Mr. Harris is likely appropriate and no party has disputed his interest in 1002 North Payson Street, the Motion was not accompanied by any evidence regarding Mr. Harris's interest in the property. Rule 71.1(c)(4) provides that "[t]he court [] may order any distribution of a deposit *that the facts warrant*" (emphasis added). Accordingly, the Motion will be denied without prejudice to renewal with evidence regarding Mr. Harris's interest in 1002 North Payson Street. Such

---

[1] The Court previously received correspondence from Theodoric Colbert, in which Mr. Colbert stated that he "need[ed] to file a complai[n]t that [he] was illegally evicted from out of 1002 Payson St. Baltimore, Md. 21217" and that "Amtrak was supposed to compensate [him] for the move but they never did." (ECF No. 111.) This correspondence did not seek any of the funds held with the Court and, as the Court previously explained, "Mr. Colbert may not assert any objections to the taking itself at this stage" and "case law reflects that asserting a counterclaim in a condemnation proceeding is not appropriate." (ECF No. 119.) The Court permitted Mr. Colbert another opportunity to file an appropriate motion for disbursement and forewarned him that the failure to do so would result in this forfeiture of his right to any distribution by the Court. (*Id.*) Mr. Colbert did not file any additional motions or correspondence.

evidence may include a deed or other document evidencing Mr. Harris's interest, including a sworn affidavit.

## II. 1006 North Payson Street

The Court set the just compensation for 1006 North Payson Street at $52,000. (ECF No. 104.) The Court received three motions for disbursement with respect to this property. First, the Mayor and City Council of Baltimore City (the "City") filed a Motion for Disbursement of Funds requesting a disbursement of $46,596.11, explaining that its "records document outstanding liens, totaling $46,596.11 for 1006 North Payson Street," and providing "[a] Lien Affidavit for 1006 North Payson Street from Dorothy Reed Deputy Chief for the Baltimore City Bureau of Revenue Collections with the unpaid bills." (ECF No. 81-1 at 3; ECF No. 81-2 (affidavit and related exhibits detailing the $46,596.11 owed).) Second, Shenita Wheeler filed correspondence, which the Court construes as a Motion for Distribution, explaining that she is the executor of Sharon Wormley's estate[2] and seeking "any funds left [after any liens are paid] that would've been owed to Sharon Wormley." (ECF No. 109.) Third, Ricky Wormley filed a Motion to Disburse Funds from Registry of the Court seeking the disbursement of $52,000, stating that he is the "sole and proper owner" of the property. (ECF No. 140.) He attached various relevant documents, including a deed of assignment reflecting that the property was transferred to him and his father (now deceased). (See, e.g., ECF No. 140-1 at 10–11.)

These three parties have since filed a Joint Motion to Approve Settlement Agreement for Disbursement of Funds for 1006 North Payson Street. (ECF No. 144.) The parties jointly request that the Court direct the issuance of two checks: (1) one to the City for $46,596.11 plus the accrued interest; and (2) one to Mr. Wormley for $5,403.89 plus the accrued interest.[3] (Id.) Ms. Wheeler does not seek any funds. (Id.) The Court finds that the facts of this case warrant the approval of these disbursal amounts and the entry of final judgment with respect to this property. The Court will

---

[2] Amtrak named Ms. Wormley as a Defendant in this matter. (ECF No. 92).

[3] As noted above, Amtrak deposited a total of $278,652 into the Court's registry. The Court will distribute the interest accrued to each party in proportion to the distribution amount. Thus, for example, $46,496.11 is 16.722% of $278,652, and the City will therefore be awarded 16.722% of the interest accrued. Mr. Wormley, who will receive a $5,403.89 distribution, will receive 1.939% of the interest accrued.

therefore deny the three Motions (ECF Nos. 81, 109, 140) as moot, will grant the Joint Motion to Approve Settlement Agreement (ECF No. 144), and will direct the payment of funds as specified by the parties.

### III. 1008 North Payson Street

The Court set the just compensation for 1008 North Payson Street at $56,652. (ECF No. 104.) The Court received three motions for disbursement with respect to that property. First, the Court received a Motion to Satisfy Claim by Kenya Felton in which she explains that she holds a tax sale certificate for the property, and seeks the disbursement of $11,973.07 "with a per diem" accruing since September 2023. (ECF No. 70; *see also* ECF No. 70-2 (certificate of the tax sale and assignment to Ms. Felton).) Second, the City filed a Motion for Disbursement of Funds explaining that its "records document outstanding liens, totaling $9,394.87 for 1008 North Payson Street" and providing "[a] Lien Affidavit for 1008 North Payson Street from Dorothy Reed . . . with the unpaid bills." (ECF No. 81-1 at 3; ECF No. 81-3 (affidavit and related exhibits detailing the $9,394.87 owed).) Third, the Maryland Department of Health has filed a Motion for Disbursement of Funds seeking up to $51,058.06. (ECF No. 100.) It seeks this amount due to a lien against the real property of Lula Thrower[4] for funds expended through the Medical Assistance Program. (*Id.* at 15–27.)

The three parties have since filed a Joint Motion to Approve Settlement Agreement for Disbursement of Funds for 1008 North Payson Street. (ECF No. 143.) They request that the Court direct the issuance of the following three checks: (1) one to the City for $9,394.87 plus accrued interest; (2) one to Ms. Felton for $12,754.91 plus accrued interest; and (3) one to the Department of Health for $34,502.22 plus accrued interest.[5] (*Id.* at 3.) The Court finds that the facts of this case warrant the approval of these disbursal amounts and the entry of final judgment with respect to this property. The Court will therefore deny the three Motions for Disbursement (ECF Nos. 70, 81, 100)

---

[4] Ms. Thrower was named by Amtrak as a Defendant in this matter as the current record owner of the property. (ECF No. 92.) As Amtrak explained, "Ms. Thrower is deceased. Amtrak is unaware of the existence of any estate being opened for Ms. Thrower." (*Id.*)

[5] The City will receive 3.372% of the interest accrued; Ms. Felton will receive 4.577% of the interest accrued; and the Department of Health will receive 12.382% of the interest accrued.

as moot, will grant the Joint Motion to Approve Settlement Agreement (ECF No. 143), and will direct the payment of funds as specified by the parties.

## IV.  1016 North Payson Street

The Court set the just compensation for 1016 North Payson Street at $85,000. (ECF No. 104.) The Court received three motions for disbursement with respect to that property. First, the City filed a Motion for Disbursement of Funds explaining that its "records document outstanding liens, totaling $4,879.17 for 1016 North Payson Street" and providing "[a] Lien Affidavit for 1016 North Payson Street from Dorothy Reed . . . with the unpaid bill." (ECF No. 81-1 at 3; ECF No. 81-4 (affidavit and related exhibits detailing the $4,879.17 owed).) Second, Robert Owens filed a Motion seeking $89,000. (ECF No. 110.) Third, Youman Fullard filed a Motion for Disbursement of Funds requesting an unspecified amount of funds as a former resident of 1016 North Payson Street. (ECF No. 130.)

The parties have filed a Status Report regarding their Motions. (ECF No. 148.) In it, they explain that Judge Austin held a settlement conference with the parties, that Mr. Fullard "through counsel, advised that he is not seeking the disbursement of any portion of the $85,000 held in the Court's registry" and that "[t]he sole remaining dispute is between the City of Baltimore and Mr. Owens concerning the City's lien in the amount of $4,879.17 stemming from an unpaid water bill." (*Id.*) The parties further explain the City provided Mr. Owens with documentation regarding the unpaid water bill and that the City and Mr. Owens "agreed that Mr. Owens shall have until on or before Monday September 2, 2024 to file a formal Opposition to the City's Motion for Disbursement." (*Id.*) To date, the Court has not received any opposition from Mr. Owens.

The Court turns first to Mr. Fullard. He previously filed two motions seeking some compensation or disbursement associated with the taking of 1016 North Payson Street. (ECF Nos. 112, 125.) The Court denied these motions. (ECF No. 118, 127.) With respect to the first motion, the Court explained that "Mr. Fullard appears to be seeking some distribution of the $85,000 held by the Court, but also appears to be attempting to assert a counterclaim or a claim for damages." (ECF No. 118.) The Court explained that Mr. Fullard was not permitted to assert any counterclaims, and

5

that damages were not available to him in this action. (*Id.*) The Court further explained that Mr. Fulland "may have some legitimate interest in the just compensation that has been set by the Court" and therefore permitted him to file an appropriate motion for disbursement. (*Id.*) He then filed another motion, but, as the Court explained "[r]ather than file an appropriate motion, Mr. Fullard filed correspondence . . . seeking damages and again appearing to assert counterclaims against Amtrak." (ECF No. 127.) The Court denied the second motion and permitted Mr. Fullard a final opportunity to file an appropriate motion. (*Id.*)

Mr. Fullard then filed the currently-pending Motion for Disbursement of Funds (ECF No. 130), which will be denied. First, although he has not formally withdrawn his Motion, the parties' Status Report indicates that Mr. Fullard no longer seeks a disbursement. (*See* ECF No. 148.) Second, he does not explain how much compensation he seeks, nor why he should be compensated, other than a vague statement that he was a former resident of the relevant property. Accordingly, even if he had not indicated that he was no longer seeking funds, his Motion would be denied.

The Court next turns to the City's Motion for Disbursement of Funds (ECF No. 81), which will be granted with respect to this property. The City has provided evidence that $4,879.17 is owed to the City for unpaid water bills. (ECF No. 81-4.) Mr. Owens has filed no opposition, nor has any other party. The Court finds that the City's request should be granted based upon the record in this case. Accordingly, the Court will enter partial judgment with respect to this property, and will order a distribution of $4,879.17 plus the interest accrued thereon to the City.[6]

Finally, Mr. Owens's Motion (ECF No. 110), will be denied without prejudice. As an initial matter, Mr. Owens seeks $89,000. (*Id.*) However, as noted above, the just compensation for 1016 North Payson Street was set at $85,000. (ECF No. 104.) Mr. Owens did not oppose the $85,000 just compensation amount, and the time for doing so has passed, and the City has now been awarded $4,879.17. Thus, Mr. Owens may seek only up to $80,120.83 plus accrued interest. Further, although an award of $80,120.83 to Mr. Owens is likely appropriate, the Motion was not accompanied by any

---

[6] The City will also be awarded 1.751% of the accrued interest.

evidence regarding Mr. Owens's interest in the property. Rule 71.1(c)(4) provides that "[t]he court [] may order any distribution of a deposit *that the facts warrant*" (emphasis added). Accordingly, the Motion will be denied without prejudice to renewal with evidence regarding Mr. Owens's interest in 1016 North Payson Street. Such evidence may include a deed or other document evidencing Mr. Owen's interest, including a sworn affidavit.

## V. Conclusion

For the foregoing reasons, judgment will be entered with respect to 1006 North Payson Street and 1008 North Payson Street, and partial judgment will be entered with respect to 1016 North Payson Street. Steven Harris's and Robert Owens's Motions for Disbursement of Funds (ECF Nos. 86, 110) will be denied without prejudice to renewal with proper documentation. The Motions filed by Shenita Wheeler, Ricky Wormley, Kenya Felton, and the Maryland Department of Health (ECF Nos. 109, 140, 70, 100) will be denied as moot. The City's Motion for Disbursement of Funds (ECF No. 81) will be denied in part as moot and granted in part. The Joint Motion to Approve Settlement Agreement for Disbursement of Funds for 1006 North Payson Street (ECF No. 144) and the Joint Motion to Approve Settlement Agreement for Disbursement of Funds for 1008 North Payson Street (ECF No. 143) will be granted. Youman Fullard's Motion for Disbursement of Funds (ECF No. 130) will be denied. The Clerk will be directed to mail and issue disbursement checks to the City, Ricky Wormley, Kenya Felton, and the Maryland Department of Health.

DATED this _11_ day of September, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge